Burke, J.
Plaintiff-appellant has brought this action on the theory that the defendant Evans breached his fiduciary obligation to plaintiff and other members of a class he represented as plaintiff in a derivative action brought by him in the United States District Court for the Eastern District of Pennsylvania to block the merger of Baldwin-Lima-Hamilton Corporation (hereinafter BLH) and Armour and Company (hereinafter Armour) by agreeing to dismissal “ with prejudice ” to the class represented by him of this action in return for a “ secret consideration ’ ’ paid only to himself. Plaintiff sues in her individual capacity and as a representative of the class defendant allegedly betrayed, seeking to have him account for his alleged wrongful profit and to have the court assess $1,000,000 in punitive damages against defendant.
Plaintiff and defendant are both former stockholders of BLH, a Pennsylvania corporation which in July, 1965 was merged with Armour. Defendant had, before this merger was effected, sought in his Federal action to obtain a temporary injunction barring its consummation, alleging, in part, that the consideration to BLH shareholders was inadequate and that misleading proxy statements had been circulated, but he was denied this relief, with Chief Judge Clary of the District Court indicating in his opinion denying the temporary injunction that he had thoroughly considered the merits of Evans’ claim and rejected his contentions (see Evans v. Armour & Co., 241 F. Supp. 705 [1965]). Evans, after this defeat, then elected to exercise his right as an objecting stockholder under Pennsylvania law to appraisal (see Pennsylvania Business Corporation Law, § 515), making demand for payment of the fair value of the approximately 89,000 BLH shares owned by him and his two personal holding companies, and, following a period of negotiations, he finally surrendered his shares for $22.51 each. At the time of this transaction Evans also agreed with Armour to dismissal “with prejudice” of his Federal action, and the District Court, dispensing with notice to the class represented by Evans (despite the apparent applicability of the notice requirement then found in rule 23 [subd. (e)] of the Federal Rules of Civil Procedure), approved its dismissal, approving the settlement as “ fair and just * * * [to] all interested parties.” Plaintiff, holder of but 100 BLH shares, had pre *567 viously assented to the merger and had exchanged her shares for shares in Armour in accordance with the terms of the merger agreement.
It is plaintiff’s contention that the payment of $22.51 per share to Evans was more than the fair value of his shares and that the “premium” he received for his shares above their true value constituted a “secret consideration” received in return for the sale of his class claim, which claim, she further contends, if prosecuted successfully, would have benefited herself and all other former BLH shareholders. In support of her contention that Evans received a “premium” for his shares, she points to the fact that the closing price for BLH shares on the date preceding shareholder approval of the merger was but $17.50 per share and to the fact that this was the price Armour originally offered dissenting BLH shareholders for their shares.
At Special Term of the Supreme Court, New York County, the defendant moved for judgment dismissing the complaint pursuant to CPLR 3211 (subd. [a], pars. 1, 3, 7) upon the grounds that: (1) a defense founded upon documentary evidence was available to him; (2) plaintiff lacked legal capacity to sue, and (3) the complaint failed to state a cause of action. Various documents and affidavits were submitted to the court on this motion, which was treated, apparently, by the court, as well as the parties, as a motion for summary judgment (see CPLR 3211, subd. [c]) and on this showing the court concluded that plaintiff, by approving the merger and exchanging her shares for Armour shares prior to the final disposition of Evans’ Federal action, lost all standing to object to the settlement reached between defendant and Armour in that action and, therefore, was without standing to bring the instant action. On this ground plaintiff’s complaint was ordered dismissed by Special Term and the Appellate Division affirmed without opinion.
We would begin by noting that, while we are of the opinion that defendant was entitled to summary judgment on his motion, we do not agree with Special Term that plaintiff was without standing to bring an action of this sort. The sole authority cited by Special Term for its holding was May v. Midwest Refining Co. (121 F. 2d 431 [1st Cir., 1941]), a case which
*568 we view as readily distinguishable from the instant case and not controlling here. Evans’ action was based, at least in part, upon the Federal securities laws and, therefore, as Judge Tenney noted in Miller v. Steinbach (268 F. Supp. 255 [S. D. N. Y., 1967]), an action which also grew out of the BLH-Armour merger and which raised, inter alia, an identical claim against Evans by one Miller, another assenting shareholder, whatever plaintiff’s rights under State law (and the parties have cited to us no Pennsylvania authorities holding that a stockholder whose assent to a merger had been induced through fraud would be without standing to seek to have the merger rescinded or to sue for damages), State law could not be held to bar her seeking vindication of the rights guaranteed her under the Federal securities laws. (See J. I. Case Co. v. Borak, 377 U. S. 426, relied upon by Judge Tenney in Miller v. Steinbach, supra, as support for his holding that Miller had an interest' in the derivative action brought by Evans and could bring an action of the instant sort. Judge Tenney’s opinion, pp. 267-272, contains an excellent discussion of this point.) If Evans had succeeded in his Federal action in showing that the defendants in that action had succeeded through proxy fraud in effecting an unfair merger, the District Court might have rescinded the merger or awarded damages to the injured BLH shareholders, and plaintiff would, in either event, have been considered a party entitled to benefit through such action. It seems inconceivable, therefore, that she would not have been entitled, despite her assent to the merger, to intervene in Evans’ Federal action, should she have wished to do so, or to object to the terms of its settlement. Accordingly, we are of the view that she should be held to have standing to bring the instant action.
Having noted our view that plaintiff has standing, we must also, as we indicated earlier, note that we are of the opinion that the defendant Evans was, nonetheless, entitled to summary judgment on his motion, on the ground that, for reasons of policy going to the peculiar nature of class actions, a cause of action such as plaintiff seeks to assert here should not be recognized where the court having jurisdiction of a class action, and charged with responsibility for insuring that the class plaintiff faithfully and adequately represents the interests of nonappearing members of the class, makes a determination *569 on the final disposition of the case that the class plaintiff has fairly and properly performed his fiduciary duties to the class represented by him — at least not until such determination is vacated or set aside by the court that made it.
The instant" case is far different from Young v. Higbee Co. (324 U. S. 204), upon which plaintiff places primary reliance (as did Judge Tenney in upholding this phase of the Miller v. Steinbach complaint, see 268 F. Supp. 255, 281). In Young v. Higbee Co. the Supreme Court held that Potts and Boag, holders of a certain class of preferred stock in Higbee Company, who had initially objected in the District Court to a plan of reorganization of Higbee, on the ground that an unfair share of the bankrupt’s assets were allocated to the holders of a junior debt, but had abandoned their appeal from the District Court in return for $115,000 paid to them by claimants under the junior debt for their preferred stock, which was worth but $17,000, had to account to the other members of the class of stockholders they represented. The Supreme Court, in answer to the objection of Potts and Boag that Young was estopped from prosecuting his claim against them, since the Circuit Court of Appeals had dismissed their ¡appeal over his objections, noted that “ the determinative issues in the two proceedings were not the same. * * * The court only decided then that Young could not intervene and continue that appeal, and that the appeal should be dismissed ” (324 U. S. 204, 208-209). This must be contrasted with the express finding of Chief Judge Clary that the ¡settlement arrived at between Evans and Armour was fair and just to all interested parties, a finding completely dispositive of the determinative issue in this case.
Strong policy reasons exist for respecting a finding of this sort. The right to bring an action of the type brought by Evans is an extremely valuable one, not merely to the party prosecuting the action, but also to the nonappearing members of the class, who risk nothing yet reap the benefit of the class plaintiff’s diligence and expense. The party prosecuting the action is in truth the champion of the nonappearing class members, and, while such champion is self-appointed and to be held to his fiduciary obligations, he ought not to run the risk of having to answer in an unlimited number of actions and in an unlimited number of courts for his performance of *570 these obligations — at least not when, as here under the Federal Rules of Civil Procedure, a scheme especially addressed to insuring his faithful performance of these duties has been worked out and responsibility for overseeing his performance of them has been specifically delegated to a particular court. The party prosecuting the action ought to be allowed to rely upon the court’s determination that he has fulfilled his obligations toward his fellow class members fairly. Without providing such assurance we may unnecessarily deter prospective “ champions ” from undertaking this role — surely a result not to be desired.
We would stress that such deterrence is unnecessary, for the reason that, by denying access to our courts under circumstances such as those present in the instant case, we in no way relieve the class plaintiff of his obligation to fulfill his fiduciary duties or lessen the sanctions for nonperformance. Nonappearing members of the class, such as the plaintiff now before us, may apply to the court which has approved such a dismissal for vacation of its order and, under the circumstances present here of failure to provide notice, it would appear that under the Federal rules the District Court would have no choice but to vacate its earlier order, provide the required notice and, if objection is made, determine anew whether dismissal of the class action is called for. (See Pittston Co. v. Reeves, 268 F. 2d 328 [7th Cir., 1959].) Upon vacation of the order dismissing the action and approving the settlement, objecting members of the class, such as plaintiff Sonnenschein, could apply to the court for permission to prosecute the action against the original defendant or defendants on behalf of the class, and if, through the improper action of. the original class plaintiff, they were unable to recover from the original defendants in the class action, they could recover from the original class plaintiff, just as occurred in Young v. Higbee Co. (supra). This, as we see it, provides all the protection necessary to nonappearing members of a class, without leaving class plaintiffs open to the possibility of numerous strike suits.
The need for such protection for class plaintiffs is well illustrated by this case, brought by the owner of but 100 shares of BLH who has now, apparently, become disenchanted with the BLH-Armour merger. Plaintiff alleges in her complaint that Evans received a “ substantial premium ” above the fair market
*571 value of Ms stock as consideration for discontinuing his action, but, as appears from the affidavit of George E. Leonard, Jr., Secretary of Armour, and from Judge Tenney’s opinion in Miller v. Steinbach [supra, p. 264), the price of $22.51 per share received by Evans was well within the range of settlements reached by Armour with dissenting stockholders of BLH, and Armour had settled with 16 shareholders for $22 or more only very shortly before it settled with Evans. In fact, three dissenting stockholders eventually received $24 per share and one $25.89 per share. In addition, the price which Evans finally received was only slightly more than the $21 value the directors of both corporations, acting upon the advice of Goldman, Sachs & Co., had placed upon the shares of BLH as a basis for the exchange of shares and, after Chief Judge Clary had handed down his very forceful opimon upholding the propriety of this merger, it is very hard to see where Evans could be considered as having had any kind of a claim, over and above the appraisal value of his own shares, worth buying on Armour’s part.
Plaintiff, we feel, is in the wrong court. Her claim that the defendant Evans betrayed his fiduciary obligations to the class he represented in his action in the United States District Court for the Eastern District of Pennsylvania, if she has any real belief in the legitimacy of this claim, should in the first instance, we believe, be presented to that court and only after the order of that court approving the settlement of Evans’ action as fair and just to all interested parties has been vacated should she be allowed to bring an action of the instant sort in any other court.
For the reasons stated above we would affirm the order appealed from, with costs.
Chief Judge Fuld and Judges Scileppi, Bergan, Keating, Breitel and Jasen concur.
Order affirmed.