■ HARRY E. CHILDS et al., Respondents, v JUDITH LEVITT, as Director of the Department of Personnel of the City of New York, et al., Appellants.—Order and judgment (one paper) of the Supreme Court, New York County (Eugene Nardelli, J.), entered May 10, 1988, which directed respondent to permanently appoint petitioners to the position of sergeant in the New York City Police Department effective November 28, 1985 and credit them with seniority retroactively to that date, reversed, on the law, without costs and the petition dismissed.

On April 16, 1984, petitioners took civil service examination number 2548 for the title of sergeant in the New York City Police Department (NYPD). Actions were brought by the Hispanic Society of New York and by The Guardians Association in the Federal District Court for the Southern District of New York, alleging that use of the examination results for the selection of individuals for promotion to sergeant would violate title VII of the Civil Rights Act of 1964, as amended (42 USC § 2000e *et seq.),* article V, § 6 of the NY Constitution and section 50 of the New York Civil Service Law. These Federal class action suits were consolidated before Hon. Robert L. Carter and were settled pursuant to a stipulation approved by an order dated June 16, 1986. It is undisputed that petitioners were members of the Sergeant's Eligibles Association, an intervenor class in the consolidated Federal actions, which are known collectively as the *Hispanic Society* case.

Because NYPD's need for sergeants became acute during the pendency of the Federal class action, Judge Carter issued an interim order, on consent of the parties, to permit NYPD and the New York City Department of Personnel to "promote to the rank of sergeants *[sic]* as many police officers as are in

their judgment needed from the Eligible List resulting from Examination No. 2548 and from other black and Hispanic police officers who are not on the eligible list" pursuant to a stipulated formula. The parties herein do not dispute that the interim order permitted permanent, rather than merely provisional, appointments to be made.

A number of other actions were also brought in State court disputing the propriety of some of the answers to questions presented on the examination. In the course of those proceedings, Justice Arthur E. Blyn enjoined NYPD from making any permanent appointments to the rank of sergeant. This injunction was in effect at the time petitioners were appointed sergeants by NYPD on November 28, 1985, pursuant to the order of Judge Carter. As a result, petitioners' appointments are governed by a provision of the stipulated settlement in the *Hispanic Society* case which states, "All other police officers promoted from Eligible List No. 2548 pursuant to the terms of [this] agreement will begin to accrue seniority in the rank of Sergeant from the date of their permanent promotions." For petitioners herein, the applicable date is February 3, 1987, some 15 months following the date of their provisional appointment.

In the proceeding under review, the Supreme Court granted petitioners relief from the terms of the stipulated settlement, reasoning, "It is inequitable that petitioners should be treated on the same footing as newly appointed officers, and, under these unique circumstances, respondents' failure to award petitioners retroactive seniority is arbitrary and capricious."

We do not agree. As an initial consideration, it is the strong policy of our courts to encourage the settlement of disputes *(Brown v Schneider,* 32 AD2d 712, *lv dismissed* 25 NY2d 903), and a stipulation of settlement entered into with the assistance of counsel upon consideration of all relevant facts will not be set aside unless it is unconscionable *(Martin v Martin,* 74 AD2d 419, 423). As a general rule, " 'The court has control over stipulations and power to relieve from the terms thereof when the parties can be placed *in statu quo.* But the stipulation will not be destroyed without a showing of good cause therefor, such as fraud, collusion, mistake, accident, or some other ground of the same nature' " *(Matter of Frutiger,* 29 NY2d 143, 149-150, quoting *Campbell v Bussing,* 274 App Div 893).

As another general consideration, the parties "may to a large extent chart their own procedural course through the courts" *(Stevenson v News Syndicate Co.,* 302 NY 81, 87;

*Matter of Malloy,* 278 NY 429) "and may fashion the basis upon which a particular controversy will be resolved" *(Cullen v Naples,* 31 NY2d 818, 820). It is evident that petitioners elected to participate in the *Hispanic Society* case and are bound by the settlement entered as a consent decree therein.

The Supreme Court, in granting the petition, accorded considerable weight to the provisions of section 65 of the Civil Service Law, concluding that it does not allow "provisional appointments to sergeant of fully eligible candidates who had taken and passed the required civil service examination." This conclusion is entirely accurate *(see, Matter of Montero v Lum,* 68 NY2d 253, 262 [Kaye, J., concurring]; *Matter of Reis v New York State Hous. Fin. Agency,* 133 AD2d 316). However, it has long been recognized that a stipulation need not be consistent with applicable statutes. "Parties by their stipulations may in many ways make the law for any legal proceeding to which they are parties, which not only binds them, but which the courts are bound to enforce. They may stipulate away statutory, and even constitutional rights" *(Matter of New York, Lackawanna & W. R. R. Co.,* 98 NY 447, 453). In essence, petitioners seek to be relieved from the terms of the stipulation on the ground that, on further reflection upon the facts and circumstances surrounding its execution, their representative in the Federal class action would have sought to employ greater precision in its draftsmanship. It is not alleged that the relevant facts, including the pendency of the State court action and the injunction issued by Justice Blyn, were unknown at the time the settlement was executed. A stipulation operates as a binding contract, and the contractual theory of mutual mistake "affords equitable relief only where the parties were mistaken as to facts *existing* at the time the contract was entered into (see Restatement, Contracts, § 502). Equity will not relieve a party of its obligations under a contract merely because subsequently, with the benefit of hindsight, it appears to have been a bad bargain (see, e.g., *Brubrad Co. v United States Postal Serv.,* 404 F Supp 691, affd 538 F2d 308)" *(Raphael v Booth Mem. Hosp.,* 67 AD2d 702, 703; *see also, Term Indus. v Essbee Estates,* 88 AD2d 823).

Finally, even if the petition did state a ground for relief, petitioners have chosen an inappropriate means of pursuing it. The proper procedure is an application to the court which approved the stipulation seeking relief from its order *(Matter of Matinzi v Joy,* 60 NY2d 835). Nor may the courts of this State entertain the proceeding under the theory that petitioners' interests were not fairly represented by the class plaintiffs

in the Federal action. As a matter of policy, this claim must also be presented to the court which approved the settlement *(Sonnenschein v Evans,* 21 NY2d 563). The freedom of parties to chart their course before the courts is not unlimited and, having pursued their interests in a Federal class action to its conclusion, petitioners may not launch a collateral attack upon the order of settlement in a CPLR article 78 proceeding *(Matter of Matinzi v Joy, supra).* Concur—Sullivan, J. P., Rosenberger, Wallach and Rubin, JJ.

Kassal, J., dissents and would affirm for the reasons stated by Nardelli, J.