■ Israel Weinstock, Appellant, v Emmerich Handler et al., Respondents. [679 NYS2d 48] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered June 12, 1996, which denied plaintiff's motion for partial summary judgment pursuant to CPLR 3212 (e) and which granted the cross-motion of defendants Emmerich and Rita Handler for summary judgment, reversed, on the law, without costs or disbursements, plaintiff's motion for partial summary judgment granted and the matter remanded to the Supreme Court for further proceedings in accordance herewith.

Plaintiff owns an 8% interest in a limited partnership that owned a building located in Brooklyn. Plaintiff asserted that defendant Emmerich Handler represented to him that the building could be sold for $11,750,000. Based upon this representation, plaintiff and defendant arrived at a purchase price of $425,000 and, in February 1984, plaintiff and defendant entered into a letter agreement in which defendant agreed to purchase plaintiff's interest in the partnership for such sum. The agreement provided that $25,000 was to be paid upon execution of the contract, with the balance due at the closing, scheduled to take place on January 2, 1985.

In January 1985, prior to closing, plaintiff allegedly learned that defendant had in fact listed the building for a sum greatly in excess of that represented to plaintiff. Defendant allegedly had received offers between $18 million and $20 million for the building, and plaintiff alleged he would never have agreed to sell his interest in the partnership for merely $425,000 had he known of these facts. As a result, plaintiff demanded that defendant rescind the sale.

Thereafter, in January 1985, the parties entered into a second letter agreement in which defendant noted that there was no need for him to make a tender of $400,000 of the purchase price since plaintiff claimed the right to rescission. However, defendant also acknowledged that should it later be determined that plaintiff did *not* have the right to rescission or if plaintiff *waived* that claim, defendant would pay plaintiff $400,000 plus interest at 12% per annum from January 1, 1985 upon not less than 30 days written notice.

While the agreements are related, the complaint seeks to rescind the 1984 agreement, which is a contract for the sale of interest in a limited partnership. On the other hand, plaintiff's motion for summary judgment seeks to enforce the 1985 agreement that required defendant to pay plaintiff $400,000 if plaintiff did *not* have a right to rescission or if plaintiff waived that claim.

While the general rule is that a party may not obtain summary judgment on an unpleaded cause of action (*Cohen v City Co.*, 283 NY 112), it is also true that summary judgment may be awarded on an unpleaded cause of action if the proof supports such cause and if the opposing party has not been misled to its prejudice (*Torrioni v Unisul, Inc.*, 214 AD2d 314, 315). As with a trial, the court may deem the pleadings amended to conform to the proof (*Deborah Intl. Beauty v Quality King Distribs.*, 175 AD2d 791, 793).

In this case, the documentary evidence submitted on the motion for summary judgment supports plaintiff's claim as to the 1985 agreement. Plaintiff described and annexed the 1985 agreement and asserted that he waived his rescission claim. As plaintiff contends, since defendant drafted the 1985 agreement, and solicited plaintiff's agreement to its terms, it cannot be said that defendant has been misled to his prejudice (*Torrioni v Unisul, Inc., supra*, at 315). By its own terms, the January 1985 agreement expressly contemplated its enforcement at any time after execution merely upon plaintiff's waiver of his rescission claim. Thus, plaintiff established his entitlement to payment pursuant to the 1985 agreement and, in opposition, defendant did not dispute the merits of said motion and does not do so on appeal. Concur—Sullivan, J. P., Rosenberger, Nardelli and Saxe, JJ.

Rubin, J., dissents in a memorandum as follows: It is an elementary principle that equity is a shield, not a sword (*Canron Corp. v City of New York*, 214 AD2d 115, 120, *affd* 89 NY2d 147). If for no other reason, plaintiff should not be permitted to transform an equitable action, which seeks to re-

scind a contract, into an action at law that demands performance of the very same transaction that plaintiff has repudiated. Moreover, for a variety of legal and equitable reasons, the summary disposition sought by plaintiff is unavailable.

In a letter agreement dated February 23, 1984, plaintiff Israel Weinstock contracted to sell his interest in a real estate limited partnership holding title to the premises located at 26 Court Street in Kings County to defendant Emmerich Handler for the sum of $425,000. Thereafter, a dispute arose concerning the fair value of the premises, culminating in plaintiff's refusal to convey his interest in the limited partnership pursuant to the contract. On January 25, 1985, the parties entered into a second letter agreement stipulating to forgo the formality of a closing (see, 1776 Assocs. Corp. v Broadway W. 57th St. Assocs., 181 AD2d 601, appeal dismissed 80 NY2d 824) and to have their respective rights construed as if a closing had been held and plaintiff had refused to convey his interest in the limited partnership for the tendered purchase price. The stipulation concludes, "Should it later be determined that you do not have the right to rescission, or should you waive any such claim, I shall pay you $400,000, plus interest at 12% per annum, upon not less than 30 days' written notice to me."

Subsequently, by way of a complaint dated March 12, 1985, plaintiff brought a prayer in equity seeking rescission of the contract. The grounds asserted for relief are that plaintiff was fraudulently induced to enter into the agreement by defendants' false representation that the property was worth far less than its alleged value of 18 to 20 million dollars. The complaint indicates that the valuation of plaintiff's interest was predicated on a sales price for the subject premises of approximately $12 million and charges that "statements and representations regarding the value of the Premises made by Handler were false and known by him to be so at the time the statements were made and were intentionally made to defraud plaintiff."

It is uncontroverted that the subject premises were never conveyed. It is also undisputed that, in 1993, a bankruptcy petition was filed by the partnership's creditors, resulting in the sale of the premises, and that, with the conclusion of the bankruptcy proceedings in 1994, plaintiff's equity interest in the limited partnership was rendered worthless. The record indicates that this matter languished for a decade without any attempt by plaintiff to enlist judicial assistance in obtaining the relief demanded in the complaint.

In December 1995, plaintiff undertook to file the summons and complaint that he had served on defendants over ten years

earlier in March of 1985. By way of the subject motion dated February 8, 1996, plaintiff purports to seek recovery within the context of this equitable action pursuant to the stipulation dated January 25, 1985, based on the provision that defendant Emmerich Handler will pay $400,000 to plaintiff Weinstock should plaintiff waive his claim for rescission of the contract. It is plaintiff's contention that the January 1985 instrument is enforceable either as a separate agreement between the parties or as a stipulation settling the dispute.

The collateral agreement cannot be regarded as a settlement of this action because the stipulation was drafted prior to service of the complaint. Furthermore, its language clearly contemplates the commencement of an action for rescission. In any event, the interpretation and effect of the stipulation are governed by the rules of contract (*Matter of Rebell v Trask*, 220 AD2d 594, 596-597; *Childs v Levitt*, 151 AD2d 318, *lv denied* 74 NY2d 613), including defenses to its enforcement (*Hallock v State of New York*, 64 NY2d 224, 230 ["cause sufficient to invalidate a contract"]; *see also, Matter of Galasso*, 35 NY2d 319, 321 [agreement to agree]). In view of the significant change in circumstances occasioned by the ensuing bankruptcy of the limited partnership and by the abrupt change in the theory of the case reflected in the motion for summary judgment, plaintiff has neither a credible equitable ground nor a valid legal basis to demand enforcement of the stipulation.

The complaint in this action seeks to vitiate the contract, signed in February 1984, by which plaintiff undertook to sell his interest in the limited partnership. It recites that plaintiff has "no adequate remedy at law" and "demands judgment declaring that the agreement be cancelled *[sic]* and rescinded, and plaintiff be relieved of all liability under that instrument". No mention is made of the stipulation dated January 25, 1985, which is the subject of the motion for summary judgment brought some 11 years later and pursuant to which plaintiff seeks to enforce the contract of sale. Thus, without ever obtaining leave to amend the complaint (CPLR 3025 [b]), plaintiff seeks summary judgment on an unpleaded cause of action that is the very antithesis of the relief originally demanded, predicated on an 11-year-old contract never raised in the pleadings.

As defendant Emmerich Handler pointed out in his affirmation in opposition to the summary judgment motion, "even if this Court were prepared to entertain the claim at the present time, it is clear that the complaint would have to be amended and I would have the right to put in an answer containing de-

fenses on the merits." For his part, plaintiff has failed to offer any excuse for his failure to bring a motion to amend the pleadings for what can only be described as an unconscionable period of time (*Caruso v Anpro, Ltd.*, 215 AD2d 713, 714). Nor does plaintiff assert that the facts underlying the proposed novel cause of action were unknown to him at the time his original complaint was served (*supra; Bonanni v Straight Arrow Publs.*, 133 AD2d 585, 587; *Balport Constr. Co. v New York Tel. Co.*, 134 AD2d 309, 312). It should be noted that in comparable, though far less egregious circumstances, this Court recently declined to permit amendment of the pleadings (*Konrad v 136 E. 64th St. Corp.*, 246 AD2d 324).

Even where relief pursuant to CPLR 3025 (b) is sought in an action at law, a court must deny an amendment that is prejudicial to an adverse party. "Leave to amend the pleadings 'shall be freely given' absent prejudice or surprise resulting directly from the delay" (*Fahey v County of Ontario*, 44 NY2d 934, 935; see also, *Loomis v Civetta Corinno Constr. Corp.*, 54 NY2d 18, 23). As a matter of law, an 11-year delay in seeking to enforce the terms of a contract is prejudicial and, as defendants asserted in opposition to the motion, amendment is barred by the six-year Statute of Limitations applicable to contract actions (CPLR 213 [2]). The relation back doctrine (CPLR 203 [e]) has no application as the original pleadings give no notice either that the action is predicated on the stipulation of settlement or that plaintiff intends to seek enforcement of the underlying agreement.

This is not, however, a contract action but an action in equity, in which plaintiff's entire basis for relief is that his contract with defendant Emmerich Handler is unenforceable. What is more, plaintiff has conceded (in the collateral agreement he belatedly seeks to enforce) that he has repudiated the validity of the obligation to convey his interest in the limited partnership. As one court expressed the principle, "if the failure of one party to perform part of a contract is so material that it results in the other party not receiving substantially what he bargained for, the duty of the injured party is discharged and he is, thereby, wholly excused from carrying out his undertaking" (*Ferrell v Secretary of Defense*, 662 F2d 1179, 1181 [5th Cir 1981], citing Restatement of Contracts §§ 274, 397 [1932]; see also, Calamari and Perillo, Contracts § 157, citing Restatement of Contracts § 313). As a leading New York case states the rule, "Tender of performance is not necessary when there is a willingness and ability to perform, and actual performance has been prevented or expressly

waived by the parties to whom performance is due" (*Howard v Daly*, 61 NY 362, 370 [1875]). The renunciation of any obligation to perform acts required by the contract gives rise to an immediate cause of action by the other party, "and of course, without averring performance, or readiness to perform" (*supra*, at 374; *Sven Salen AB v Pierot & Sons*, 559 F Supp 503, 506 [*affd* 738 F2d 419 (2d Cir)], citing 1 Weinstein-Korn-Miller, NY Civ Prac ¶ 213.10). Whatever obligation defendant Emmerich Handler might have had under the agreement, it was discharged by plaintiff's declaration that he would not tender the required performance, as manifest by his refusal to convey his interest in the limited partnership to defendant..

In view of his repudiation of the underlying contract, plaintiff is in no position to argue, 11 years later, that defendant Emmerich Handler has not performed his obligations under the collateral agreement, even if its enforcement were not barred by the Statute of Limitations. In bringing this action to declare the contract between them invalid, plaintiff has conceded that the agreement to convey his interest in the limited partnership is unenforceable (*see, Lake Erie Distribs. v Martlet Importing Co.*, 221 AD2d 954, 955). The allegations of the complaint constitute "formal judicial admissions [that] are binding on the parties throughout the entire litigation, unless modified or relieved in the discretion of the court" (Richardson, Evidence § 216 [Prince 10th ed]; Fisch, New York Evidence § 803 [2d ed 1977]). In the absence of amendment pursuant to CPLR 3025 (a) or (b), the pleading is conclusive (*id.*). As this Court has pointed out, "CPLR 3025 (b) does not bar a plaintiff from reversing his position on a crucial fact to assert a position entirely contrary to that originally advanced" (*Bogoni v Friedlander*, 197 AD2d 281, 292, *lv denied* 84 NY2d 803). However, it remains that leave of court must be obtained to amend the pleading. Having failed to seek leave to amend, plaintiff Weinstock is bound by his concession in the complaint that the contract is invalid on the ground of fraudulent inducement and, therefore, unenforceable.

In a related but distinct consideration, defendants have consistently maintained, both in opposition to the motion for summary judgment and on this appeal, that the failure to assert any cause of action to enforce the 1985 stipulation in the complaint requires plaintiff to obtain leave to amend the pleadings and, thus, entitles defendants to the opportunity to answer the amended complaint in the event leave to amend is given. "While leave to amend a pleading is freely granted (CPLR 3025 [b]; *Edenwald Contr. Co. v City of New York*, 60 NY2d 957),

this court has consistently held that, in order to conserve judicial resources, an examination of the underlying merits of the proposed causes of action is warranted (*Brennan v City of New York*, 99 AD2d 445; *East Asiatic Co. v Corash*, 34 AD2d 432)" (*Megaris Furs v Gimbel Bros.*, 172 AD2d 209). Leave to amend is not available where the cause of action sought to be added is clearly without merit (*Crimmins Contr. Co. v City of New York*, 74 NY2d 166; *Daniels v Empire-Orr, Inc.*, 151 AD2d 370, 371). In this case, enforcement of the collateral agreement executed in 1985 and raised for the first time in plaintiff's 1996 motion for summary judgment as the basis for recovery is clearly barred by the six-year Statute of Limitations applicable to contracts (CPLR 213). The contract action now sought to be asserted is contradicted by plaintiff's renunciation of the terms and conditions of the underlying agreement in his original pleadings. Moreover, as the party in breach, plaintiff is unable to enforce the agreement and cannot belatedly "cure a 'fatal' defect in his original action" by invoking the provisions of CPLR 203 (e) (*Carrick v Central Gen. Hosp.*, 51 NY2d 242, 248; *Goldberg v Camp Mikan-Recro*, 42 NY2d 1029).

Even ignoring the legal deficiencies of plaintiff's action and the time bar, failure to amend the complaint to assert the cause of action upon which plaintiff seeks summary judgment raises a procedural obstacle. In comparable circumstances, this Court has held that issue has not been joined (CPLR 3212 [a]) and, therefore, summary judgment is unavailable (*Moscato v City of New York*, 183 AD2d 599, 601 [unasserted cross claim]; *accord*, *Woodworth v Woodworth*, 135 AD2d 1143 [no complaint served]). Even where a cause of action has been duly asserted in a complaint, this Court has gone so far as to hold that, in the absence of joinder, a motion court "had no power to grant summary judgment under CPLR 3212" (*Republic Natl. Bank v Luis Winston, Inc.*, 107 AD2d 581, 582; *accord*, *State Univ. Constr. Fund v Aetna Cas. & Sur. Co.*, 169 AD2d 52, 55 [since issue not joined as to cause of action asserted in amended complaint, court was "powerless to grant summary judgment"]; *Grinblat v Taubenblat*, 107 AD2d 735, 736 [court "improperly entertained plaintiff's motion for summary judgment prior to joinder of issue"]). Prior to service of an answer to the cause of action for which summary adjudication is sought, this Court has generally held that the motion court is obliged to decline to entertain a motion for summary judgment (*Cox v J.D. Realty Assocs.*, 217 AD2d 179, 184; *Valentine Tr. v Kernizan*, 191 AD2d 159, 161).

The Court of Appeals has noted that the rule barring a pre-

joinder motion for summary judgment is strictly applied (*City of Rochester v Chiarella*, 65 NY2d 92, 101), and the authority cited makes it clear that the Court regards summary disposition as unavailable despite the failure of any party to object that issue has not been joined (*Miller v Nationwide Mut. Fire Ins. Co.*, 92 AD2d 723 [summary judgment premature despite defendant's failure to assert that issue had not been joined]; *Alro Bldrs. & Contrs. v Chicken Koop*, 78 AD2d 512 [motion and cross motion for summary judgment premature]; *Milk v Gottschalk*, 29 AD2d 698 [despite absence of triable issue of fact, court may not award summary judgment prior to joinder of issue]). The record in this matter contains no answer to the complaint, and issue has not been joined even as to the cause of action for rescission. It should be further noted that plaintiff has not established any of the three factors enumerated by this Court as warranting pre-joinder adjudication (*Shah v Shah*, 215 AD2d 287, 289).

As a matter of fairness, having invoked the protection of a court of equity to relieve him from the enforcement of the contract, plaintiff should not be permitted to enlist the power of a court of law to enforce the very contract he has repudiated. A fortiori, plaintiff should not be allowed to belatedly change the theory of his action to seek enforcement of a collateral agreement not even mentioned in the original pleadings, all without obtaining leave to amend the complaint. At the very least, the 11-year delay in seeking to enforce any rights plaintiff might possess under any contract with defendants is barred by the equitable doctrine of laches. The intervening bankruptcy of the limited partnership constitutes a substantial change in the circumstances to the overwhelming prejudice of defendants, rendering the belated assertion of contract remedies grossly unfair (*Fahey v County of Ontario*, 44 NY2d 934, *supra*).

Accordingly, the order of the Supreme Court should be affirmed. [As amended by unpublished order entered Feb. 2, 1999.]