OPINION OF THE COURT
Memorandum.
Ordered that the order, insofar as appealed from, is reversed, without costs, the branches of plaintiff’s motion seeking summary judgment awarding her the principal sum of $5,100 on her cause of action for unpaid rent and to dismiss defendants’ second and third counterclaims are granted, and the branch of plaintiff’s motion seeking summary judgment awarding her $3,000 in attorney’s fees is granted on the issue of liability and the matter is remitted to the District Court for a hearing to determine the amount of attorney’s fees to be awarded to plaintiff, which hearing shall be held contemporaneously with the trial on plaintiff’s remaining cause of action, in accordance with the decision herein.
Plaintiff commenced this action against her former tenants in February 2014 to recover unpaid rent for the months of February, March and April 2014, for property damage, and for legal fees. Defendants counterclaimed to recover, among other *46 things, the cost of improvements made to the subject premises and legal fees. In June 2014, plaintiff moved for summary judgment on the complaint and to dismiss defendants’ counterclaims. In support thereof, plaintiff alleged that defendants had vacated the premises on February 28, 2014, prior to the termination of the lease, and, pursuant to the lease, defendants owed her the rent for February through April 2014. In opposition to plaintiff’s motion, defendant Marjorie Hardina submitted an affidavit wherein she alleged that, based on a conversation with plaintiff in November 2013 regarding defendants’ future plans, defendants believed that plaintiff would not require that they pay the final months’ rent after vacating the premises. Defendant Marjorie Hardina further asserted in her affidavit that plaintiff was required to mitigate damages by attempting to relet the premises prior to the expiration of the lease term after defendants vacated and that plaintiff did not do so. Defendants do not contest that they failed to pay the final three months’ rent under the lease. Plaintiff appeals from so much of an order of the District Court as denied the branches of her motion seeking summary judgment awarding her the principal sum of $5,100 on her cause of action for unpaid rent and $3,000 for attorney’s fees, and to dismiss defendants’ second and third counterclaims.
With regard to plaintiff’s cause of action for rent arrears, we note that, contrary to defendants’ contention, plaintiff was under no obligation to mitigate damages when defendants vacated the premises prior to the expiration of the lease (see Rios v Carrillo, 53 AD3d 111, 112 [2008]; Smith v James, 22 Misc 3d 128[A], 2009 NY Slip Op 50043[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2009]).
However, the summons and complaint were served and filed on February 27, 2014 and sought, in addition to February 2014 rent, rent for March and April 2014 as well. “[A] claim for accelerated rent is not cognizable in the absence of an acceleration clause” (210 W. 29th St. Corp. v Chohan, 13 AD3d 613, 614 [2004], citing Beaumont Offset Corp. v Zito, 256 AD2d 372, 373 [1998]), and here the lease does not contain an acceleration clause. Consequently, at the time the action was commenced, only February 2014 rent was allegedly due and owing, and the claim for March and April 2014 rent was premature. However, by the time plaintiff moved for summary judgment, all three months’ rent were allegedly due and owing. Thus, the situation is analogous to a case in which a plaintiff seeks summary judg *47 ment on an unpleaded cause of action, even though, here, the complaint actually pleaded the unpaid rent of March and April.
The rule with respect to an unpleaded cause of action on a motion for summary judgment is that the motion may be granted “if the proof supports such cause and if the opposing party has not been misled to its prejudice” (Weinstock v Handler, 254 AD2d 165, 166 [1998]). Defendants have suffered no prejudice or been misled due to plaintiff’s inclusion of the March and April rent in the complaint or in the relief sought in the summary judgment motion. “A motion for summary judgment is to be determined upon the facts appearing in the record without regard to technical defects in the pleadings” (Johnson v Gaughan, 128 AD2d 756, 756 [1987] [citations omitted]). Consequently, plaintiff has established prima facie her entitlement to judgment as a matter of law with respect to rent due for February, March and April 2014 on the first cause of action. The burden thus shifted to defendants to establish a triable issue of fact in opposition to plaintiff’s motion.
“ ‘[L]ease interpretation is subject to the same rules of construction as are applicable to other agreements’ ” (Avon Bard Co. v Aquarian Found., 260 AD2d 207, 208 [1999], quoting Matter of Cale Dev. Co. v Conciliation & Appeals Bd., 94 AD2d 229, 234 [1983], affd 61 NY2d 976 [1984]). In opposition to plaintiff’s motion, defendants failed to demonstrate that a material issue of fact exists requiring a trial with respect to the claim for three months’ rent (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). The terms of the lease are clear and unambiguous regarding modification of the lease terms. Any modification of the term of the written lease must be in writing and signed by the party against whom enforcement of the modification is sought, or the party’s agent. Defendants did not submit any writing evidencing plaintiff’s agreement to their vacating the premises prior to the lease’s termination. Indeed, they do not even allege an oral agreement to that effect. They cannot prevail, on a claim that landlord agreed to waive the lease terms, on no more than their own alleged expectation that she would do so. Thus, plaintiff is entitled to summary judgment on her first cause of action (see Winegrad v New York Univ. Med. Ctr, 64 NY2d 851, 853 [1985]; NYSOS Assoc., LLC v Ottomanelli, 49 Misc 3d 60 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]).
With respect to plaintiff’s claim for attorney’s fees, we note that the lease entitles plaintiff to attorney’s fees incurred *48 in connection with any default by defendants under the lease. As plaintiff has established that a default in rent occurred, she is entitled to recover attorney’s fees, but only such fees as she reasonably incurred in the prosecution of her cause of action for rent arrears. Consequently, plaintiff is awarded summary judgment on the issue of liability with respect to those fees, and the matter is remitted to the District Court for a determination of the amount thereof.
Defendants’ second counterclaim, for the costs of improvements to the property, and their third counterclaim, for attorney’s fees, should have been dismissed, as the lease states that defendants are responsible for all manner of repairs, maintenance, and utilities, and that any improvements made by defendants become the possession of plaintiff and will not be reimbursed.
Accordingly, the order, insofar as appealed from, is reversed, the branches of plaintiff’s motion seeking summary judgment awarding her the principal sum of $5,100 on her cause of action for unpaid rent and to dismiss defendants’ second and third counterclaims are granted, and the branch of plaintiff’s motion seeking summary judgment awarding her $3,000 in attorney’s fees is granted on the issue of liability and the matter is remitted to the District Court for a hearing to determine the amount of attorney’s fees to be awarded to plaintiff, which hearing shall be held contemporaneously with the trial on plaintiff’s remaining cause of action, in accordance with the decision herein.
Iannacci, J.P., and Tolbert, J., concur.