Matter of Hinduja Global Solutions, Inc. v HBI Group, Inc. (2024 NY Slip Op 05911)

Matter of Hinduja Global Solutions, Inc. v HBI Group, Inc.

2024 NY Slip Op 05911

Decided on November 26, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 26, 2024

Before: Renwick, P.J., Moulton, Friedman, Kennedy, JJ. 

Index No. 452059/22 Appeal No. 3135 Case No. 2024-04201 

[*1]In the Matter of Hinduja Global Solutions, Inc., et al., Petitioners-Respondents,
v
HBI Group, Inc., Respondent-Appellant.

Akerman LLP, New York (Scott M. Kessler of counsel), for appellant.
Susman Godfrey L.L.P., New York (Ravi Bhalla of counsel), for respondents.

Order, Supreme Court, New York County (Margaret A. Chan, J.), entered on or about June 14, 2024, which, insofar appealed from as limited by the briefs, denied the motion of respondent HBI Group, Inc. to reject in part the ruling of the Special Master, dated March 5, 2024, unanimously affirmed, with costs.
In this special proceeding, petitioner Hinduja Global Solutions, Inc. (HGSI) seeks to compel HBI to comply with a subpoena duces tecum. The subpoena's scope was narrowed in part on a previous appeal to this court (Matter of Hinduja Global Solutions, Inc. v HBI Group, Inc., 214 AD3d 471, 472 [1st Dept 2023]). HBI subsequently produced some documents pursuant to the subpoena, but HGSI averred that this production was incomplete. Upon HGSI's motion to compel, the parties agreed to have their discovery disputes heard by Special Master Hon. James C. Francis IV (retired). The parties stipulated to "reserve their rights to have any order made in connection with [retention of the Special Master] . . . subject to CPL 4403 and Uniform Civil Rule 202.44." The Special Master ruled in favor of petitioner, directing that respondent produce additional documents subject to certain limitations.
HBI made a motion in Supreme Court to reject the Special Referee's Ruling. Supreme Court denied the motion as untimely. We hold that HBI's motion was timely. Contrary to Supreme Court's finding, the stipulation appointing the Special Master was signed by all parties and did not have to be so-ordered. While the stipulation appointed the Special Master under CPLR 3104, which gives parties only five days to request review of the Special Master's ruling, as noted above it also expressly "reserve[d] the[] rights to have any order made in connection with [retention of the Special Master] . . . subject to CPLR 4403 and Uniform Civil Rule 202.44," both of which allow a party a longer period — 15 or 30 days, depending on who is making the motion — to move to confirm or reject a referee report. Thus, the terms of the stipulation, under which the parties properly charted their own procedural course, provide that CPLR 4403 and Uniform Civil Rule 202.44 apply to the Special Master's report (see Childe v Levitt, 151 AD2d 318, 319-320 [1st Dept 1989]).
Nonetheless, on the merits the Special Master's ruling was not clearly erroneous or contrary to law (see CIT Project Fin. v Credit Suisse First Boston LLC, 7 Misc 3d 1002[A], 2005 NY Slip Op 50406[U], *2 [Sup Ct, NY County 2005]). As HBI notes, in the prior appeal this Court limited certain document requests in the subpoena to payments traceable to a broker agreement between petitioner Hinduja Global Solutions, Inc. and nonparty Synergy Global Outsourcing, LLC (214 AD3d 471 [1st Dept 2023]). However, although the funds HBI received from Synergy in connection with the broker agreement were commingled with other funds, any commingling of funds does not necessarily render the broker agreement-related funds untraceable to the broker [*2]agreement, and does not abrogate HBI's obligation to produce documents showing payments and distributions from the account that received broker agreement-related funds (see Family Health Mgt., LLC v Rohan Devs., LLC, 207 AD3d 136, 145-147 [1st Dept 2022]).
With respect to HBI's concerns about removing certain redactions, we note, as we did on the prior appeal, that a protective order is in place in the Texas action between Synergy and Hinduja Global Solutions (see Matter of Hinduja Global Solutions, Inc., 214 AD3d at 472). We also reject HBI's argument that the Special Master's direction to produce documents is excessively onerous, especially in light of our decision in the prior appeal narrowing the scope of the subpoena.
We have considered HBI's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 26, 2024