■ SANFORD ARONECK et al., Respondents, v MORRIS ATKIN et al., Appellants. — Judgment unanimously affirmed, with costs. Memorandum: In affirming we observe that the trial court properly computed plaintiffs' damages for defendants' breach of contract to purchase plaintiffs' stock in Union Processing Corporation, an automobile shredding operation, by ascertaining the difference between the agreed price of the shares and the fair market value at the time of the breach in June, 1978 (see *Rodriguez & Co. v Moore-McCormack Lines,* 32 NY2d 425, 429; *Orange & Rockland Utilities v New England Petroleum Corp.,* 60 AD2d 233). In fixing the market value of the

shares in June, 1978, the court correctly rejected the valuation theories advanced by defendants' experts to the effect that the value should be based on the actual economic conditions and performance of the shredder business in 1979 and 1980 rather than on what knowledgeable investors anticipated the future conditions and performance would be at the time of the breach (13 NY Jur, Damages, § 43, p 479). Although it made no express finding as to the value of the shares in June of 1978 the court, by awarding the agreed price for those shares as damages for the breach, impliedly found the value of the shares at that time to have been zero. In our opinion, the evidence in the record fully supports such finding. The evidence also supports the trial court's award for defendants' breach of their agreement to pay to plaintiffs in cash at the time of closing the remaining principal balances of certain subordinated 8½% notes owed to plaintiffs by the corporation, such damages equaling the difference between the full remaining principal balances of the notes and their discounted values in June, 1978, assuming that they were to be held to maturity. We reject defendants' argument raised on appeal that the court should have offset against the awards for the breach of the agreements to purchase the shares and to pay off the notes a sum equal to the amount by which the value of plaintiffs' land, which defendants agreed to purchase for a separately stated consideration, allegedly exceeded its stipulated contract price. While defendants submitted a proposed finding as to the land value, it does not appear that they requested that any offset be made against the damages awarded for the other items. Be that as it may, the court made no finding as to the land value, thereby rejecting defendants' proposed finding as to this item, and it made no offset of any kind against the damages awarded for the stock and the notes. Assuming that implicit in the court's decision is the finding that at the time of the breach plaintiffs' land had a value of no more than its specified contract price, we note that such finding was within the range of opinions as to the land values given by plaintiffs' and defendants' experts and is supported by the evidence. We find the award of damages to be in all respects substantiated by the record. On the argument defendants conceded they were not contesting the court's findings as to their responsibility for the breach. (Appeal from judgment of Supreme Court, Monroe County, Tillman, J. — breach of contract.) Present — Hancock, Jr., J. P., Callahan, Doerr, Denman and Moule, JJ.