■ NORMAN M. MENDELSON, Appellant, v STANLEY FEINMAN et al., Respondents.—In an action seeking to compel the defendants to account for all moneys and properties received and disbursed or assigned by the defendant Feinman in connection with certain alleged business ventures, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Collins, J.), entered July 30, 1987, as granted that branch of the defendants' motion which was to dismiss the action.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff, a licensed real estate broker, alleged in his complaint that he and the defendant Feinman entered into ventures together some time in 1985 wherein the two agreed to pool their efforts to buy and sell real property for investment purposes for themselves and others and "to act as mortgage consultants and to place mortgages on behalf of borrowers with lenders for commissions; to obtain loans for individual borrowers secured by real property; and to conduct a real estate brokerage business for the joint benefit of both plaintiff and defendant Feinman and to share the profits and losses of those efforts on a fifty-fifty basis". The other defendants are alleged to be "corporate nominees" used as vehicles

through which the plaintiff and Feinman conducted their alleged joint venture.

It was further alleged in the complaint that the corporate nominees and Feinman had been earning money without the plaintiff's knowledge, that Feinman had been squandering the money earned by the corporations and, as a result, the plaintiff was entitled to an accounting. The complaint further claims that both the plaintiff and Feinman agreed to use or organize corporations under the control of either the plaintiff, Feinman "or their nominees" and that in each of these corporate nominees, Feinman and plaintiff were to be 50% shareholders.

The defendants moved to dismiss the complaint, arguing, in essence, that a joint venture cannot be carried on in a corporate form and that the plaintiff was therefore limited to those remedies provided to stockholders of corporations.

The court granted that branch of the defendants' motion which was to dismiss the complaint, holding that a joint venture may not be carried on by individuals through a corporate form. While we affirm the Supreme Court's order dismissing the complaint, we do so for different reasons. Regardless of whether the purported joint venture could coexist with the operation of corporate entities *(compare, Weisman v Awnair Corp.,* 3 NY2d 444 *with Macklem v Marine Park Homes,* 17 Misc 2d 439, *affd* 8 AD2d 824, *appeal dismissed* 7 NY2d 887, *affd* 8 NY2d 1076; *see also, Sagamore Corp. v Diamond W. Energy Corp.,* 806 F2d 373; *Arditi v Dubitzky,* 354 F2d 483), we find that, at bar, the plaintiff has failed to allege sufficient facts to constitute a prima facie showing of the existence of a joint venture. When determining whether a joint venture exists, the factors to be considered are the intent of the parties (express or implied), whether there was joint control and management of the company, whether there was a sharing of the profits as well as a sharing of the losses and whether there was a combination of property, skill or knowledge *(Ramirez v Goldberg,* 82 AD2d 850, 852). " 'The ultimate inquiry is whether the parties have so joined their property, interests, skills and risks that for the purpose of the particular adventure their respective contributions have become as one and the commingled property and interests of the parties have thereby been made subject to each of the associates on the trust and inducement that each would act for their joint benefit * * *' *(Hasday* v. *Barocas,* 10 Misc 2d 22, 28)" *(Matter of Steinbeck v Gerosa,* 4 NY2d 302, 317, *appeal dismissed* 358 US 39). This trust is what creates a fiduciary duty which will

lead to an accounting if breached *(Matter of Steinbeck v Gerosa, supra; Hasday v Barocas,* 10 Misc 2d 22).

Looking to the complaint at bar, the plaintiff has failed to allege that he had any control over the alleged series of joint ventures. There is no allegation of actual property, skills or knowledge used in the fulfillment of these ventures. In sum, the mere allegations of commingled resources lack the requisite specificity to make a showing that a fiduciary relationship existed. Brown, J. P., Lawrence, Weinstein and Balletta, JJ., concur.