against him, (2) from an order of the same court, also entered May 2, 1988, which denied his motion to consolidate action No. 1 with action No. 2, and (3) as limited by his brief, from stated portions of an order of the same court, entered August 24, 1988, which, *inter alia,* denied his motions for leave to reargue certain prior motions.

Ordered that the appeals are dismissed, with one bill of costs, as academic, and because no appeal lies from an order denying reargument.

In light of our determination in *Cole & Co. v 630 Corp.* (150 AD2d 328 [decided herewith]), upholding the appellant's stipulation of settlement with the plaintiff in action No. 1, the issues raised on these appeals have been rendered academic. Thompson, J. P., Bracken, Kunzeman and Spatt, JJ., concur.

■ MICHAEL DE VITO, Respondent, v LEE POKOIK, Appellant. —In an action, *inter alia,* to recover one half of the profits of an alleged partnership, and the balance of an alleged promise of a bonus, the defendant appeals from a judgment of the Supreme Court, Suffolk County (Baisley, J.), entered March 25, 1988, which was in favor of the plaintiff and against him in the principal amount of $20,050.93.

Ordered that the judgment is reversed on the law and the facts, with costs, and the complaint is dismissed.

The defendant initially contends that the court erroneously found that a joint venture existed between the parties in connection with the Alternative Plumbing and Gas Company. We agree.

The plaintiff had the burden of proving the existence of a joint venture *(Moscatelli v Nordstrom,* 40 AD2d 903). This burden was not met. An essential element of a joint venture is a provision for the sharing of the profits and the losses of the enterprise *(Ackerman v Landes,* 112 AD2d 1081). A mutual promise of undertaking to submit to the burden of making good the losses must be shown *(see, Matter of Steinbeck v Gerosa,* 4 NY2d 302, *cert denied* 358 US 39). An individual who has no proprietary interest in a business except to share the profits as compensation for services is not a joint venturer *(Impastato v De Girolamo,* 117 Misc 2d 786).

The plaintiff admits that there was no agreement for the sharing of the losses in addition to the profits. Furthermore, the plaintiff concededly contributed no cash to the company, did not hold himself out as a joint venturer, possessed no management responsibilities, and was not held personally liable for any of the business obligations. The defendant

possessed the sole authority to sign the checks and collect the proceeds of the business. The expenses of the business were paid out of one of the defendant's personal accounts. Contrary to the plaintiff's contentions, an agreement to distribute the proceeds of an enterprise upon a percentage basis, or the sharing of gross returns, does not in and of itself establish a joint venture *(see, Scharf v Crosby,* 120 AD2d 971).

We also find unpersuasive the plaintiff's contention that he is entitled to an additional $5,100 which represents the balance of an alleged bonus promised to him by the defendant in connection with his duties as manager of the "Alligator Disco". A promise to pay an employee a bonus which does not obligate the employee to do or forego doing something that he was not otherwise obligated to do is a mere gratuity, and unenforeceable *(see,* 52 NY Jur 2d, Employment Relations, § 97; *Price v Press Publ. Co.,* 117 App Div 854). Bracken, J. P., Brown, Harwood and Balletta, JJ., concur.