■ Thomas Rollo, Appellant, v John R. Glynn et al., Respondents.—Order, Supreme Court, New York County (David H. Edwards, Jr., J.), entered April 20, 1989, granting defendants' motion, pursuant to CPLR 3212, for summary judgment dismissing plaintiff's verified amended complaint, unanimously affirmed, with costs.

Plaintiff's complaint alleges rights in defendants' enterprise pursuant to an oral agreement allegedly entered into prior to a written agreement. However, the parol evidence rule prohibits evidence of an oral agreement which contradicts a subsequent writing, complete on its face. *(Braten v Bankers Trust*

*Co.,* 60 NY2d 155, 162.) Thus, we reject plaintiff's claim that defendants' termination of his services constituted various breaches as between joint venturers. Plaintiff has failed to demonstrate, and the written agreement and modifications do not show, the prerequisites for finding a joint venture, i.e., a provision for the sharing of profits and losses of an enterprise or a proprietary interest therein. *(De Vito v Pokoik,* 150 AD2d 331.) Thus, we agree with the motion court that plaintiff's termination, as an at-will employee, presents no factual issue. *(Murphy v American Home Prods. Corp.,* 58 NY2d 293.) Concur —Milonas, J. P., Rosenberger, Ellerin and Smith, JJ.