■ ASHLAND MANAGEMENT INCORPORATED, Appellant-Respondent, v C. CHRISTOPHER JANIEN, Respondent-Appellant. (And a Third-Party Action.)—Order and judgment, Supreme Court, New York County (Beatrice Shainswit, J.), entered May 5, 1992, which, after a non-jury trial: (A) awarded defendant damages on his counterclaim in the total sum of $785,625; (B) adjudged (1) that the parties had entered into a joint venture wrongfully breached by plaintiff; (2) that plaintiff's "Alpha system" is not a trade secret; (3) that defendant is not misappropriating or threatening to misappropriate any proprietary rights of plaintiff in any product; (4) that defendant is free to market the "ETA system", to which defendant has sole rights; (5) that the ETA system does not incorporate the Alpha system, and; (6) that the joint venture had ended, plaintiff having relinquished any right to its fruits; and (C) dismissed all causes of action imposed, unanimously modified, on the facts and the law, to delete the term "joint venture" from the decretal paragraphs, and to substitute the term "agreement", and is otherwise affirmed, without costs.

The issues in this action were, for the most part, issues of fact. It is well established in this Department that " '[o]n a bench trial, the decision of the fact-finding court should not be disturbed upon appeal unless it is obvious that the court's conclusions could not be reached under any fair interpretation of the evidence, especially when the findings of fact rest in large measure on considerations relating to the credibility of witnesses' " *(Thoreson v Penthouse Intl.,* 179 AD2d 29, 31 [quoting *Claridge Gardens v Menotti,* 160 AD2d 544, 544-545], *affd* 80 NY2d 490).

While we agree with plaintiff that the defendant's admitted lack of agreement to share the burden of losses is fatal to his assertion of a joint venture *(see, De Vito v Pokoik,* 150 AD2d 331), we find that there was a valid intent on the part of both sides to be bound by the terms of defendant's sixth and final proposal, evidenced by the "totality of all the acts of the parties, their relationship and their objectives" *(Carlin Constr. Co. v Whiffen Elec. Co.,* 66 AD2d 684), and that plaintiff breached its implied covenant of good faith and fair dealing *(see, Havel v Kelsey-Hayes Co.,* 83 AD2d 380, 382).

We have considered the remaining arguments of the cross-appellants, and find them to be without merit. Concur—Murphy, P. J., Carro, Kupferman, Asch and Kassal, JJ.