■ MARK S. DAVELLA, Individually and Doing Business as INTERBORO NETWORK COMMUNICATIONS, Appellant, v HOWARD NIELSEN, Individually and as Owner of POLE LINE CONSTRUCTION CORP., et al., Respondents, et al., Defendants. [616 NYS2d 800] —In an action, *inter alia,* to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Cohalan, J.) entered January 28, 1993, which granted the motion of the defendants Howard Neilsen and Pole Line Construction Corp. for summary judgment dismissing the complaint insofar as it is asserted against them.

Ordered that the order is affirmed, with costs.

Contrary to the plaintiff's contentions, the Supreme Court correctly determined that the plaintiff had failed to raise a triable issue of fact with respect to his claim that he and the defendant Howard Nielsen had entered into a joint venture agreement to perform certain cable television installation work that Nielsen's company, Pole Line Construction Corp., was performing without him. An indispensable element of a joint venture "is a mutual promise or undertaking of the parties to share in the profits of the business *and submit to the burden of making good the losses" (Matter of Steinbeck v Gerosa,* 4 NY2d 302, 317 [emphasis in original]; *see also, Williams v Forbes,* 175 AD2d 125; *Tanzi v Vergopia,* 128 AD2d 769, 771). Neither the plaintiff's complaint nor the affidavits the plaintiff submitted in opposition to the respondents' motion for summary judgment and in support of his own motion for an injunction allege any agreement to share the burden of losses. The failure to do so is fatal to his assertion of a joint venture *(see, De Vito v Pokoik,* 150 AD2d 331). Moreover, in the absence of other indicia that would establish the existence of a joint venture *(see generally, Mendelson v Feinman,* 143 AD2d 76, 77), an assertion that there was an agreement to distribute the proceeds of an enterprise on a percentage basis will not suffice *(see, De Vito v Pokoik, supra).* Bracken, J. P., Balletta, Copertino and Hart, JJ., concur.