■ VILLAGE OF WELLSVILLE, Respondent-Appellant, v VILLAGE OF ANDOVER et al., Appellants-Respondents. [647 NYS2d 606] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court erred in denying that portion of defendants' motion for summary judgment dismissing the first cause of action. Plaintiff asserts therein that the parties entered into a joint venture regarding the operation of plaintiff's landfill and that, as part of that joint venture, defendants are responsible for paying a portion of the costs associated with leachate collection and disposal from the landfill after its closure in 1983. The record, however, fails to support the existence of a joint venture.

" 'The ultimate inquiry [in determining whether a joint venture exists] is whether the parties have so joined their property, interests, skills and risks that for the purpose of the particular adventure their respective contributions have become as one and the commingled property and interests of the parties have thereby been made subject to each of the associates on the trust and inducement that each would act for their joint benefit' " (*Matter of Steinbeck v Gerosa*, 4 NY2d 302, 317, *appeal dismissed* 358 US 39, quoting *Hasday v Barocas*, 10 Misc 2d 22, 28). Factors to consider include whether a joint venture was intended by the parties, whether there was joint management and control of the venture, whether the parties shared profits as well as losses, and whether there was a combination of property, skill or knowledge (*see, Mendelson v Feinman*, 143 AD2d 76, 77; *Ramirez v Goldberg*, 82 AD2d 850, 852).

Here, defendants entered into yearly agreements with plaintiff to use the landfill from 1970 through 1983. The agreements provided that defendants would pay for services at the landfill and that plaintiff retained ownership of the landfill

and its equipment. Furthermore, plaintiff remained in total control of the operation and management of the landfill. Defendants only sent their garbage to the landfill and paid the costs associated with its disposal. There is no indication in the agreement that the landfill operation was a joint venture or that defendants would pay for any costs associated with leachate cleanup after closure of the landfill. Under those circumstances, the court should have dismissed the cause of action based on a joint venture (*see generally, Mendelson v Feinman, supra*).

Consequently, we modify the order by granting that portion of defendants' motion for summary judgment dismissing the first cause of action. We have reviewed the remaining contentions raised on the appeal and cross appeal and conclude that they are without merit. (Appeals from Order of Supreme Court, Allegany County, Sprague, J.—Summary Judgment.) Present—Denman, P. J., Lawton, Wesley, Callahan and Balio, JJ.