■ MID-HUDSON EQUIPMENT, INC., et al., Respondents, v ALLCITY INSURANCE COMPANY et al., Appellants, et al., Defendant. [724 NYS2d 331] —In an action, *inter alia,* for a judgment declaring that the defendants Allcity Insurance Company and Empire Insurance Company are obligated to defend and indemnify the plaintiffs Mid-Hudson Equipment, Inc., Hudson Waste Haulage, Inc., and Mt. Pleasant Sanitation, Inc., in an underlying action entitled *Ryan v Mid-Hudson Equipment, Inc.,* et al., pending in the Supreme Court, Dutchess County, under Index No. 97/5110, Allcity Insurance Company and Empire Insurance Company appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Donovan, J.), entered January 19, 2000, as denied their cross motion for summary judgment dismissing the complaint insofar as asserted against them, and, upon searching the record, granted summary judgment on the issue of indemnification to the plaintiffs.

Ordered that the order is modified by deleting the provision thereof granting summary judgment on the issue of indemnification and finding that the defendant Empire Insurance

Company is obligated to indemnify the insureds in the underlying action; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

Although, in deciding the propriety of a motion for summary judgment, a court "may search the record and grant summary judgment to the nonmoving party on any related claim" (*A.C. Transp. v Board of Educ.*, 253 AD2d 330, 338; CPLR 3212 [b]), the Supreme Court improperly granted summary judgment in this case. There are questions of fact regarding, *inter alia*, whether the plaintiffs Mid-Hudson Equipment, Inc., Hudson Waste Haulage, Inc., and Mt. Pleasant Sanitation, Inc., were employers of the decedent in the underlying action, which preclude the granting of summary judgment (*see, Zuckerman v City of New York*, 49 NY2d 557).

The appellants' remaining contentions are without merit. O'Brien, J. P., Florio, McGinity and H. Miller, JJ., concur.