■ David H. Keiser, Appellant, v James D. Todd et al., Respondents. [736 NYS2d 255] —In an action, inter alia, for specific performance of an option agreement, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (DiBlasi, J.), entered March 8, 2001, as granted the defendants' respective cross motions to dismiss the complaint.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

Contrary to the plaintiff's contention, the description set forth in the 1997 draft option agreement does not identify the subject property to be conveyed with the degree of certainty necessary to satisfy the statute of frauds (see, General Obligations Law § 5-703 [2]; J & J Bldrs. & Devs. v D'Alesio & Sons, 158 AD2d 674; Cohen v Swenson, 140 AD2d 407). To comply with the writing requirement, "a memorandum, signed by the party to be charged, must designate the parties, identify and describe the subject matter, and state all of the essential terms of a complete agreement" (Sheehan v Culotta, 99 AD2d 544, 545; see, 160 Chambers St. Realty Corp. v Register of City of N.Y., 226 AD2d 606).

The plaintiff's remaining contentions are without merit. Goldstein, J.P., McGinity, Luciano and Crane, JJ., concur.