■ MAALIN BAKODESH SOCIETY, INC., Appellant, v PEARL LASHER, Respondent. [754 NYS2d 331] —In an action, inter alia, to compel the transfer of certain real property, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Hall, J.), dated October 30, 2001, as granted the defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (5) and (7).

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the plaintiff's contention, the 1975 agreement, pursuant to which the plaintiff sold the defendant 250 burial plots in exchange for $32,500 in consideration, did not create a joint venture relationship between the parties (*see Matter of Steinbeck v Gerosa,* 4 NY2d 302, 317; *Tilden of N.J. v Regency Leasing Sys.,* 230 AD2d 784; *Mendelson v Feinman,* 143 AD2d 76). Pursuant to the 1975 agreement the plaintiff agreed to "process" the sales of the individual plots, in exchange for which the defendant agreed to pay the plaintiff a percentage of the proceeds from the sale of each plot. However, it is well-settled that an assertion that there was an agreement to distribute the proceeds of an enterprise on a percentage basis does not suffice to establish the existence of a joint venture (*see Matter of Steinbeck v Gerosa, supra; Davella v Nielsen,* 208 AD2d 494; *De Vito v Pokoik,* 150 AD2d 331). Since the plaintiff failed to meet its burden in demonstrating the existence of a joint venture, the purported agreement between the parties in 2000, transferring 100 plots back to the plaintiff, cannot be construed as an agreement dissolving a joint venture. Moreover, the purported 2000 agreement is unenforceable because

it fails to satisfy the statute of frauds (see General Obligations Law § 5-703 [2]; *Keiser v Todd,* 290 AD2d 492; *Sheehan v Culotta,* 99 AD2d 544, 545). The absence of any price term is fatal to the plaintiff's claim (see *Sheehan v Culotta, supra*). Accordingly, the Supreme Court properly granted the defendant's motion to dismiss the complaint. Altman, J.P., Goldstein, McGinity and Mastro, JJ., concur.