In an action, inter alia, to recover damages for breach of an oral agreement, the defendant James T. Smith, previously known as LL Cool J, appeals from so much of an order of the Supreme Court, Queens County (Golar, J.), dated January 16, 2003, as denied his motion pursuant to CPLR 3211 (a) (5) and (7) to dismiss the amended complaint insofar as asserted against him, and, in effect, granted the plaintiffs cross application pursuant to CPLR 3211 (e) for leave to replead.
Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the cross application is denied, the complaint is dismissed insofar as asserted against the appellant, and the action insofar as asserted against the remaining defendants is severed.
Contrary to the Supreme Court’s determination, the amended complaint and the documents submitted in opposition to the motion to dismiss failed to set forth a legally cognizable cause of action based on an oral partnership/joint venture agreement (see Leon v Martinez, 84 NY2d 83 [1994]; Guggenheimer v Ginzburg, 43 NY2d 268, 275 [1977]; Rovello v Orofino Realty Co., 40 NY2d 633 [1976]). Viewing the facts as alleged in the record as true, and affording the plaintiff every favorable inference, the plaintiff failed to plead a mutual promise or undertak *409 ing to share the burden of the losses of the alleged enterprise, an indispensable element of a partnership or joint venture (see Matter of Steinbeck v Gerosa, 4 NY2d 302, 317 [1958]; Goodstein Props. v Pego, 266 AD2d 506, 507 [1999]; Davella v Nielsen, 208 AD2d 494 [1994]). Thus, the motion to dismiss the amended complaint should have been granted pursuant to CPLR 3211 (a) (7).
In addition, the Supreme Court improvidently exercised its discretion in granting the plaintiffs cross application for leave to replead pursuant to CPLR 3211 (e) as he did not set forth “good ground” to support his cause of action (Mehlman v Gold, 183 AD2d 634, 635 [1992]).
Furthermore, inasmuch as the plaintiff did not assert a breach of contract cause of action, we have no occasion to consider the defendant’s arguments with respect thereto.
The parties’ remaining contentions are without merit. Smith, J.R, Krausman, McGinity and Rivera, JJ., concur.