■ Fabian Fajardo, Appellant-Respondent, v Stephen Clark et al., Respondents, and Palladino Roofing, Inc., et al., Respondents-Appellants. [869 NYS2d 207]—

The defendant Stephen Clark owned certain property on Fire Island, in Suffolk County. Clark wanted to build a guest house on the property and hired the defendant Robert Palermo in connection with the project.

After the framing of the guest house commenced, Palermo contacted the defendant Bruce Palladino, the owner of the defendant Palladino Roofing, Inc. (hereinafter Palladino Roofing), to construct the roof. The roof needed to be constructed of wood. However, Palladino did not know how to construct a wood roof. Thus, he contacted William Court, the owner of Bill Court Roofing, who had expertise in constructing wood roofs. Court agreed to construct the roof with Palladino.

Palladino and an employee of Palladino Roofing then constructed a scaffold to facilitate the roof's construction. However,

the scaffold collapsed when the plaintiff, an employee of Bill Court Roofing, stepped onto it to work on the roof. The plaintiff subsequently commenced this action asserting causes of action to recover damages for violations of Labor Law §§ 200, 240 (1) and § 241 (6), and for common-law negligence.

Following the completion of discovery, Palladino and Palladino Roofing, asserting that Palladino Roofing and Bill Court Roofing were "joint venturers," moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them on the sole ground that the action insofar as asserted against them was barred by the exclusivity provisions of the Workers' Compensation Law. Contrary to their contention, the Supreme Court properly denied their motion, as they failed to demonstrate their prima facie entitlement to judgment as a matter of law (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). The evidence submitted by Palladino and Palladino Roofing failed to establish, inter alia, that Palladino Roofing and Bill Court Roofing agreed to share in any losses their alleged joint venture might suffer (cf. Davella v Nielsen, 208 AD2d 494 [1994]; De Vito v Pokoik, 150 AD2d 331, 331-332 [1989]).

In addition, the plaintiff cross-moved, inter alia, for summary judgment on the issue of liability on his Labor Law § 240 (1) and § 241 (6) causes of action insofar as asserted against Palermo, Palladino, and Palladino Roofing. Contrary to the plaintiff's contention, the Supreme Court properly denied those branches of his motion, as he failed to demonstrate his prima facie entitlement to judgment as a matter of law (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853). The evidence he submitted failed to establish, inter alia, that Palermo, Palladino, or Palladino Roofing was the general contractor on the project (see Russin v Louis N. Picciano & Son, 54 NY2d 311, 317-318 [1981]; Labor Law § 240 [1]; § 241 [6]). However, since the evidence submitted in opposition to the cross motion did not make it clear that neither Palladino nor Palladino Roofing was the general contractor, it was improper for the Supreme Court to search the record and award them summary judgment dismissing the Labor Law § 240 (1) and § 241 (6) causes of action insofar as asserted against them on that ground (see CPLR 3212 [b]; cf. Mid-Hudson Equip. v Allcity Ins. Co., 282 AD2d 723, 724 [2001]).

The parties' remaining contentions are without merit. Spolzino, J.P., Covello, Angiolillo and Chambers, JJ., concur. [See 2007 NY Slip Op 30908(U).]