■ Scott A. Baldwin, Doing Business as Northville Septic Service, Appellant, v Virginia Bradt, as Executor of Howard Bradt, Deceased, et al., Defendants, and Village of Northville et al., Respondents. [879 NYS2d 242]—

Lahtinen, J. Appeal from an order of the Supreme Court (Aulisi, J.), entered July 15, 2008 in Fulton County, which, among other things, granted the motions of defendants Village of Northville and Town of Northhampton for summary judgment dismissing the complaint against them.

The Department of Environmental Conservation notified plaintiff in 2002 that property he owned in the Village of Northville, Fulton County was contaminating surrounding ground water and in need of remedial measures. From approximately 1972 to 1982, the property, then owned by Paul Bradt, had been used as a landfill where, pursuant to annual contracts, refuse was disposed of from defendant Village of Northville and defendant Town of Northhampton (hereinafter collectively referred to as the municipalities). The landfill closed in 1982 and Paul Bradt sold the property in 1985 to Howard Bradt, who used the property to operate his septic business, including disposing of septic effluent. In 1997, plaintiff purchased the property along with Howard Bradt's septic service business, but he never was permitted to use the property to dispose of septic effluent.

Plaintiff commenced this action in November 2005 against the executors of the estates of Paul Bradt and Howard Bradt setting forth numerous causes of action and contending that he had incurred expenses exceeding $100,000, with further cleanup still needed. In July 2007, plaintiff filed an amended complaint adding the municipalities as defendants. The municipalities each moved to dismiss pursuant to CPLR 3211, and Supreme

Court notified the parties that the motions would be treated as seeking summary judgment. Supreme Court eventually granted the municipalities' motions. Plaintiff appeals.

We affirm. Plaintiff contends that Supreme Court erred in dismissing two of his causes of action, one for common-law indemnification and one for statutory indemnification under Navigation Law § 181. The threshold argument advanced by plaintiff is that there are factual issues as to whether the municipalities operated the landfill in a joint venture capacity with Paul Bradt. We are unpersuaded. The current case is similar to *Village of Wellsville v Village of Andover* (231 AD2d 870 [1996]). Here, as in that case, neither the terms of the contracts between the municipalities and Paul Bradt nor the evidence submitted regarding the actual operation of the landfill is sufficient to raise factual issues indicating a joint venture. The contractual language upon which plaintiff relies, when read in context of the entire agreement, does not establish a joint venture. There was no sharing of profits and losses, and Paul Bradt retained control over the operation of the landfill, including what waste he would accept (*see id.* at 870-871; *see generally Matter of Steinbeck v Gerosa*, 4 NY2d 302, 317 [1958], *appeal dismissed* 358 US 39 [1958]; *Kaufman v Torkan*, 51 AD3d 977, 979 [2008]).

Moreover, as for the Navigation Law § 181 cause of action, which is premised upon the contention that some of the contaminates on the premises were petroleum products, there is no proof that the municipalities caused or contributed to the discharge of petroleum at the landfill (*see State of New York v Metro Resources, Inc.*, 14 AD3d 982, 983 [2005]; *see also White v Long*, 85 NY2d 564, 569 [1995]). The remaining arguments have been considered and are either academic because of the lack of proof of a joint venture or otherwise unavailing.

Cardona, P.J., Peters, Kane and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.