■ CREDIT SUISSE FIRST BOSTON, Respondent, v UTRECHT-AMERICA FINANCE Co. et al., Appellants. [923 NYS2d 482]—

Order, Supreme Court, New York County (Eileen Bransten, J.), entered December 15, 2010, which, in this action for damages for defendant Utrecht-America Finance Co.'s (UAFC) termination of an agreement to sell $15 million of distressed debt, denied defendants' motion for partial summary judgment dismissing the complaint to the extent plaintiff sought damages in excess of the difference between the contract price that plaintiff agreed to pay UAFC to purchase a portion of bank debt of a nonparty investment entity and the market value of that portion of debt at the time of the alleged breach, unanimously affirmed, with costs.

Contrary to plaintiff's contention, the order appealed from, which decided a motion made on notice seeking to establish the proper legal measure of damages, clearly involves the merits of the controversy and affects a substantial right (*see* CPLR 5701 [a] [2] [iv], [v]) and thus is appealable (*see Rondout Elec. v Dover Union Free School Dist.*, 304 AD2d 808, 810-811 [2003]; *Scalp & Blade v Advest, Inc.*, 309 AD2d 219, 224 [2003]).

In any event, the court properly denied defendants' motion since issues of fact exist. Where, as here, the breach in question involves the failure to deliver an asset, damages are determined by the difference between the contract price for the asset and the fair market value of the asset at the time of the breach (*see Cole v Macklowe*, 64 AD3d 480, 480-481 [2009]; *Kaminsky v Herrick, Feinstein LLP*, 59 AD3d 1, 11 [2008], *lv denied* 12 NY3d 715 [2009]; *Aroneck v Atkin*, 90 AD2d 966, 966 [1982], *lv denied* 59 NY2d 601 [1983]). Although the measure of damages is a question of law, the value of those damages is a factual inquiry (*see Boyce v Soundview Tech. Group, Inc.*, 464 F3d 376, 387 [2d Cir 2006]; *Oscar Gruss & Son, Inc. v Hollander*, 337 F3d 186, 196 [2d Cir 2003]). Where, as here, that value cannot be readily discerned at the time of breach, the factfinder may determine "hypothetical market value" based on expert testimony, a recent sale price, the price at which the party offered to sell the asset, or the price offered in the contract (*see Schonfeld v Hilliard*, 218 F3d 164, 178-180, 182 [2d Cir 2000]). Thus, in accordance with the objective that a party seeking recovery for breach of contract is entitled "to be made whole" as of the time of the breach (*Simon v Electrospace Corp.*, 28 NY2d 136, 145 [1971]), the jury should be able to make its valuation determination on all relevant elements of the case, whether dated prebreach, on the date of breach, or "some short time period thereafter" (*Boyce*, 464 F3d at 389).

Even assuming that the Uniform Commercial Code applies analogously to the facts of this case (*see Bache & Co., Inc. v International Controls Corp.*, 339 F Supp 341, 349 [SD NY 1972], *affd* 469 F2d 696 [2d Cir 1972]), the "cover" measure of damages set forth in UCC 2-712 is inapplicable, as there was no third-party buyer at issue here (*cf. G. A. Thompson & Co., Inc. v Wendell J. Miller Mortg. Co., Inc.*, 457 F Supp 996 [SD NY 1978]). Concur—Mazzarelli, J.P., Sweeny, Acosta, Renwick and DeGrasse, JJ. **[Prior Case History: 30 Misc 3d 879.]**