Lahtinen, J.
Appeal from an order of the Supreme Court (Aulisi, J.), entered March 29, 2011 in Fulton County, which, among other things, granted defendant Paula Frasier’s cross motion for summary judgment dismissing the amended complaint against her.
The facts are set forth in an earlier appeal (Baldwin v Bradt, 62 AD3d 1131 [2009]). Plaintiff purchased the subject real property in 1997 from decedent Howard Bradt, who operated a septic disposal business on part of the property and had purchased the property in 1985 from decedent Paul Bradt, who had used a portion of the property as a landfill. The Department of Environmental Conservation (hereinafter DEC) notified *1217 plaintiff in 2002 that surface water in the vicinity of the property had been impacted by leachate seepage as indicated by elevated levels of volatile organic compounds, including ammonia, iron, manganese, and benzene. Plaintiff allegedly incurred costs exceeding $100,000 to monitor and remediate the condition. As relevant to this appeal, plaintiff brought an action against, among others, defendant Paula Frasier (hereinafter defendant) and defendant Virginia Bradt, as executors of the estates of Paul Bradt and Howard Bradt, respectively, alleging, among other things, negligence, gross negligence, common-law indemnification and a violation of Navigation Law § 181.
In 2008, Supreme Court partially granted defendant’s earlier motion for summary judgment and dismissed all causes of action against her except those alleging a violation of the Navigation Law and common-law indemnification. Plaintiff subsequently moved for summary judgment on the remaining causes of action against defendant and Virginia Bradt, and defendant cross-moved for summary judgment dismissing the remaining causes of action asserted against her. Supreme Court denied plaintiffs motion against defendant, granted the motion regarding Virginia Bradt (who did not oppose the motion) and granted defendant’s cross motion for summary judgment dismissing the remaining causes of action against her. Plaintiff appeals.
We affirm. Navigation Law article 12, commonly known as the Oil Spill Act, was enacted to “prevent the unregulated discharge of petroleum and to accomplish speedy, effective cleanups when spills occur” (State of New York v Speonk Fuel, Inc., 3 NY3d 720, 723 [2004]). Petroleum is broadly defined to include “oil or petroleum of any kind and in any form including, but not limited to, oil, petroleum, fuel oil, oil sludge, oil refuse, oil mixed with other wastes and crude oils, gasoline and kerosene” (Navigation Law § 172 [15]). In support of his motion, plaintiff submitted proof indicating that benzene was among the compounds detected in samples taken in proximity to the property and that benzene is found in petroleum products. In opposition to the motion and in support of her cross motion, defendant’s proof included affidavits from an environmental chemist and a geologist. The chemist opined that the documentary evidence did not show any evidence of petroleum contamination or petroleum discharge. Regarding the benzene, he explained that the “very low level of benzene” and absence of “other petroleum-related constituents,” as well as low total organic carbon results, supported his opinion of no petroleum contamination or discharge. Defendant’s geologist stated that the benzene was from sources other than petroleum and that *1218 additional compounds that would be expected to be found if petroleum was present were below detectable levels. He also concluded that the subject property was not contaminated by petroleum.
Supreme Court permitted the parties to adjourn their motions so that further testing could be conducted. Defendant provided various test results to DEC. Am engineering geologist from DEC observed in a letter that the recent data was consistent with DEC’S earlier samples and, based upon such information, it was DEC’s opinion that there was “no basis to conclude that a petroleum discharge [had] occurred.” Although plaintiff now argues that this letter was hearsay, plaintiff waived this argument by failing to raise it before Supreme Court despite ample opportunity to do so and at a time when defendant could have obtained the statement in affidavit form (see Danton v Van Valkenburg, 13 AD3d 931, 933 [2004]). Even in the absence of the DEC letter, the record supports Supreme Court’s determination that defendant established that petroleum was not present, and plaintiff failed to raise a triable issue. Thus, the cause of action premised upon Navigation Law § 181 was properly dismissed.
We find unavailing plaintiffs further contention, asserted for the first time on appeal, that there is a sufficient basis to permit the common-law indemnification claim to proceed despite the dismissal of all other causes of action against defendant.
Peters, P.J., Spain, Kavanagh and McCarthy, JJ., concur. Ordered that the order is affirmed, with costs.