■ LEW NUSSBERG, Respondent, v GARY TATINTSIAN et al., Appellants, et al., Defendant. [975 NYS2d 9]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered May 2, 2013, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion to preclude the lay testimony of certain witnesses on the identification and authenticity of the art works in question, and sua sponte granted plaintiff summary judgment for breach of contract under a 2009 consignment agreement, unanimously affirmed, with costs.

This action involves a series of 98 works from the Russian Suprematist school of art. Plaintiff consigned these works to defendants in 2009 pursuant to a series of written agreements. The defendants sold the works in Russia and have not paid plaintiff. Plaintiff sued for conversion, seeking return of the works, and defendants were permitted by this Court (90 AD3d 563 [1st Dept 2011]) to interpose the defense that the works that they accepted on consignment were forgeries.

The motion court correctly determined that expert testimony is required to identify and authenticate the works of art; specifically, the testimony of an expert who viewed the consigned works before they left the United States in 2009 and who can testify that they were forgeries when they left and were forgeries on their return. This is consistent with how art work and forgeries are identified, authenticated and detected (*see e.g. Thome v Alexander & Louisa Calder Found.*, 70 AD3d 88, 99 [1st Dept 2009], *lv denied* 15 NY3d 703 [2010]).

The motion court also properly granted plaintiff summary judgment for defendants' breach of the 2009 consignment agreement. Plaintiff initially brought an action sounding in conversion, since he wanted the works returned. Defendants have stated that that is impossible, as the works have already been

sold. Plaintiff is therefore due $2.6 million dollars under the 2009 consignment agreement, to be offset by any works from the 2009 consignment that are proven to have been fraudulent both in 2009 and again today. Although plaintiff did not move for the relief granted, defendants were plainly on notice of this claim (*see Weinstock v Handler*, 254 AD2d 165, 166 [1st Dept 1998]). Concur—Tom, J.P., Andrias, Friedman, Freedman and Clark, JJ.