◼ Lew Nussberg, Also Known as Lev Nussberg, Appellant, v Gary Tatintsian, Also Known as Garri Tatintsian, et al., Respondents, et al., Defendant. Lew Nussberg, Also Known as Lev Nussberg, Respondent, v Gary Tatintsian, Also Known as Garri Tatintsian, et al., Appellants, et al., Defendant. [27 NYS3d 133]—

Judgment, Supreme Court, New York County (Shirley

Werner Kornreich, J.), entered November 12, 2014, against defendants Gary Tatintsian and Gary Tatintsian Gallery, Inc., in plaintiff's favor, unanimously affirmed, without costs. Judgment, same court, Justice, and a jury, entered July 22, 2015, awarding defendant-counterclaim plaintiff Gary Tatintsian Gallery, Inc. (the Gallery) $5 as against plaintiff-counterclaim defendant, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered June 23, 2014, to the extent it denied plaintiff's motion for renewal of his motion to preclude some of defendants' witnesses, unanimously dismissed, without costs.

The court erred by requiring expert testimony on valuation; defendants could prove value in other ways (*see e.g. Park W. Mgt. Corp. v Mitchell*, 62 AD2d 291, 298 [1st Dept 1978], *affd* 47 NY2d 316 [1979], *cert denied* 444 US 992 [1979]; *Credit Suisse First Boston v Utrecht-America Fin. Co.*, 84 AD3d 579 [1st Dept 2011]). Because value was a crucial part of the trial, we would normally remand for a new trial. However, a new trial is unnecessary, because plaintiff's argument on his renewal motion, i.e., that defendants' experts should have been precluded, is meritorious.

Defendants are correct that the right of direct appeal from the order that denied plaintiff's renewal motion terminated with the entry of the final judgments (*see e.g. Matter of Aho*, 39 NY2d 241, 248 [1976]). Since plaintiff did not appeal from either of the judgments, his appeal from the order must be dismissed (*see e.g. Moore v Federated Dept. Stores, Inc.*, 94 AD3d 638 [1st Dept 2012], *appeal dismissed* 19 NY3d 1065 [2012]). However, his arguments about the renewal order can be heard on defendants' appeal from the judgments (*see* CPLR 5501 [a] [1]; Richard C. Reilly, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C5501:5).

The court should have granted renewal based on our decision in the prior appeal (111 AD3d 441 [1st Dept 2013]) and, on renewal, granted plaintiff's motion to preclude defendants' experts, because none of the experts had "viewed the consigned works before they left the United States in 2009" (*id.* at 441). Without this expert testimony, defendants would have been unable to prove that the works they acquired from plaintiff were forgeries, and thus they would have been unable to prove their set-off defense/counterclaim. Although a trial was unnecessary, we affirm the 2014 judgment, which gave plaintiff judgment on the 2009 contract. Technically, the Gallery should not have been awarded any damages on the 2006 contract, but since plaintiff has not appealed from the 2015 judgment, that judgment, too, is affirmed.

Contrary to defendants' contention, our decision need not have disastrous effects on the art market. We limit both this decision and our decision on the prior appeal to the facts of this case, i.e., a situation where defendants did not claim until many years after the sale and consignment that the artworks were forged, and they were unable to produce the people who had custody of the art between the time defendants sold it and the time they returned some of it to the United States; and plaintiff claimed that defendants, or the non-produced custodians of the art, forged it; and the custodians resided in a country that did not abide by the Hague Convention, so that plaintiff was unable to obtain evidence from them. Concur—Tom, J.P., Andrias, Saxe and Kapnick, JJ.