Arici v Poma (2019 NY Slip Op 00033)





Arici v Poma


2019 NY Slip Op 00033


Decided on January 3, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 3, 2019

Friedman, J.P., Richter, Gesmer, Kern, Moulton, JJ.


7990 654665/17

[*1]Adem Arici, Plaintiff-Appellant,
v
Andrew Poma, Defendant-Respondent.


Law Office of Michael H. Joseph, P.L.L.C., White Plains (Michael H. Joseph of counsel), for appellant.
Woods Lonergan PLLC, New York (Annie E. Causey of counsel), for respondent.



Order, Supreme Court, New York County (Eileen Bransten, J.), entered April 16, 2018, which, to the extent appealed from, granted defendant's motion to dismiss the complaint, unanimously reversed, on the law, with costs, and the motion denied.
Plaintiff seeks to recover the balance of the purchase price that defendant was required to pay under a stock purchase agreement, after accounting for all payments made by defendant and by the corporation itself under a promissory note. Following the corporation's default in payments, plaintiff purportedly assigned the promissory note, and the stock purchase agreement, to an attorney then representing him in criminal and tax proceedings. The attorney brought suit on the promissory note (Scharf v Idaho Farmers Mkt. Inc., 115 AD3d 500 [1st Dept 2014]), which he then settled. Plaintiff alleges that the assignment of the stock purchase agreement was null and void from the outset due to mutual mistake and the terms of the agreement and that in any event the agreement has been reassigned to him by the attorney.
Defendant contends that plaintiff's claim is barred by the release given by the attorney, as plaintiff's predecessor-in-interest as owner of the stock purchase agreement, in connection with the settlement of his action against the corporation. However, the attorney's limited release does not expressly mention the stock purchase agreement, and defendant failed to establish by documentary evidence that the release encompasses claims relating to the stock purchase agreement (see Burgos v New York Presbyt. Hosp., 155 AD3d 598, 600 [2d Dept 2017]; CPLR 3211[a][1], [5]). Further, accepted as true on this motion to dismiss (see 511 W. 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144, 152 [2002]), the pleadings establish that the stock purchase agreement was not validly assigned to the attorney, and the documentary evidence is insufficient to resolve the factual issues related to the dealings between plaintiff and his former attorney.
Contrary to the motion court's concern that plaintiff is seeking double recovery, we find, accepting the allegations in the complaint as true, that plaintiff is only seeking to be "made whole" by receiving the balance of the purchase price set in the stock purchase agreement, after deducting amounts already paid by defendant and the corporation, including those received in connection with the Scharf litigation (see Credit Suisse First Boston v Utrecht-America Fin. Co., 84 AD3d 579 [1st Dept 2011]). There is nothing in the stock purchase agreement or the note that would prevent plaintiff from suing defendant to recover the remainder of the purchase price due under the stock purchase.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 3, 2019
CLERK