Jeffers v American Univ. of Antigua (2021 NY Slip Op 00016)





Jeffers v American Univ. of Antigua


2021 NY Slip Op 00016


Decided on January 05, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 05, 2021

Before: Renwick, J.P., Gische, Kern, Oing, Mendez, JJ. 


Index No. 153386/12 Appeal No. 12768N Case No. 2019-4867 

[*1]Rahman Ishmael Jeffers et al., Plaintiffs, Carla Benjamin et al., Plaintiffs-Respondents,
v
American University of Antigua et al., Defendants-Appellants, GCLR, LLC, Defendant.


Cowan, Liebowitz & Latman, P.C., New York (J. Christopher Jensen of counsel), for appellants.
Jaime Andrew Schreck, P.C., New York (Jaime A. Schreck of counsel), for respondents.



Order, Supreme Court, New York County (Carol R. Feinman, J.), entered May 16, 2019, which precluded defendants American University of Antigua and American Union of Antigua from participating in the damages trial, andsub silentio denied their motion in limine to enforce a prior evidentiary preclusion order against plaintiffs and their motion to preclude certain damages, unanimously modified, on the law, to vacate the language precluding defendants from participating in the damages trial, grant defendants' motion in limine to the extent of applying the preclusion order to the damages trial, and remand the matter for a determination on defendants' motion to preclude certain damages, and otherwise affirmed, without costs.
As a threshold matter, the order is appealable, because it decided a motion made on notice to enforce the preclusion order, and denied defendants' right to participate in the damages trial, thereby involving the merits of the controversy and affecting a substantial right (CPLR 5701 [a] [2] [iv], [v]; see Rondout Elec. v Dover Union Free School Dist., 304 AD2d 808, 810 [2d Dept 2003]; Credit Suisse First Boston v Utrecht-America Fin. Co., 84 AD3d 579 [1st Dept 2011]).
This Court's decision in the prior appeal granting plaintiffs summary judgment on the issue of liability does not preclude defendants from participating in the damages trial and offering proof in mitigation of damages (see Jeffers v American Univ. of Antigua, 169 AD3d 443 [1st Dept 2019]). Defendants were never in default in this action, nor are the damages for a "sum certain or for a sum which can by computation be made certain" (see Rokina Opt. v Camera King, 63 NY2d 728, 730 [1984], quoting CPLR 3215[a]).
To be sure, we reject defendant's allegations that plaintiffs are not entitled to seek a refund of tuition based upon AUA's failure to fulfill its promise. As this Court previously determined, "AUA breached the implied contract" by not delivering the "opportunity to take the NCLEX exam or enroll in Lehman College's ASN to BSN program in a timely fashion after graduation from AUA" (Jeffers, 169 AD3d at 444).
However, the question of whether enforcement of the motion court's prior preclusion order bars any particular evidence is for determination by the trial court.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 5, 2021