Hua Jun "Coco" Han v Chen (2023 NY Slip Op 00728)

Hua Jun "Coco" Han v Chen

2023 NY Slip Op 00728

Decided on February 09, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 09, 2023

Before: Kern, J.P., Singh, Shulman, Pitt-Burke, Higgitt, JJ. 

Index No. 654748/20 Appeal No. 17275 Case No. 2022-02354 

[*1]Hua Jun "Coco" Han, Plaintiff-Appellant,
v
Fred Chen Also Known as Fred Yu-Yuet Chen etc., et al., Defendants-Respondents.

Leon I. Behar, P.C., New York (Leon I. Behar of counsel), for appellant.
Meyer Suozzi English & Klein, P.C., Garden City (Daniel B. Rinaldi of counsel), for respondents.

Order, Supreme Court, New York County (Joel M. Cohen, J.), entered on or about May 6, 2022, which denied plaintiff's motion for summary judgment as to liability on her claims for breaches of oral contracts to sell authentic Chinese antiques to her, refund her money after she returned the purported antiques, and to sell cemetery plots to her, unjust enrichment, and money had and received, and which dismissed defendants' counterclaims for breaches of lease and bailment agreements, and granted defendants' motion for partial summary judgment dismissing plaintiff's breach of contract, fraudulent inducement, unjust enrichment, and money had and received claims arising from the alleged sale of imitation antiques and cemetery plots, and her demand for punitive damages based on the fraudulent inducement claim, unanimously affirmed, without costs.
Supreme Court correctly granted summary judgment to defendants dismissing the portion of plaintiff's first breach of contract claim involving the sale of antiques and the fraudulent inducement claim, due to plaintiff's failure to proffer an expert witness under the Commercial Division rules (22 NYCRR 202.70, Rule 13 [c]) who could opine about the authenticity of the items allegedly sold (see Thome v Alexander & Louisa Calder Found., 70 AD3d 88, 98-99 [1st Dept 2009], lv denied 15 NY3d 703 [2010]; Nussberg v Tatintsian, 111 AD3d 441, 441 [1st Dept 2013]). Plaintiff's resulting inability to prove the antiques and coins were inauthentic defeats her allegations of a contractual breach and that false statements were made (see Ambac Assur. Corp. v Countrywide Home Loans, Inc., 31 NY3d 569, 578-579 [2018] [fraud]; Markov v Katt, 176 AD3d 401, 401-402 [1st Dept 2019] [breach of contract]; see also Nussberg, 111 AD3d at 441; Nussberg v Tatintsian, 137 AD3d 521, 522-523 [1st Dept 2016], lv denied 27 NY3d 909 [2016] [finding the defendants' experts should have been precluded because they did not view artwork before it was sent abroad and thus could not provide testimony in support of the defendants' claim that the artwork acquired from the plaintiff were forgeries when they left the United States and on their return]). Since the fraudulent inducement claim was properly dismissed, plaintiff's demand for punitive damages arising from that cause of action was also properly dismissed (see Rocanova v Equitable Life Assur. Socy. of U.S., 83 NY2d 603, 613 [1994]).
Supreme Court also correctly dismissed the unjust enrichment and money had and received claims as duplicative, since "they allege underlying fraud" based on the same facts as the fraudulent inducement claim (American Mayflower Life Ins. Co. of N.Y. v Moskowitz, 17 AD3d 289, 293 [1st Dept 2005]).
Plaintiff's breach of contract claim arising from an alleged contract to sell her funeral plots in a cemetery was properly dismissed as barred by the statute of frauds (see General Obligations Law § 5-703[2]; Maalin Bakodesh Socy. v Lasher, 301 AD2d 634, 634-635 [2d Dept 2003]). [*2]Plaintiff failed to establish an agreement between the parties concerning the funeral plots, as she did not provide a writing that bears "the signature of the party to be charged" (Crabtree v Elizabeth Arden Sales Corp., 305 NY 48, 55-56 [1953]), or an unsigned writing that was "prepared by the party to be charged" (Bent v St. John's Univ., N.Y., 189 AD3d 973, 974 [2d Dept 2020], lv denied 38 NY3d 904 [2022]). That the statute of frauds can be satisfied through "records of electronic communications and electronic signatures" does not obviate the need to satisfy all the "requirements of a valid memorandum" (Naldi v Grunberg, 80 AD3d 1, 12-13 [1st Dept 2010], lv denied 16 NY3d 711 [2011]).
Supreme Court correctly denied plaintiff summary judgment on her claim for breach of an agreement to refund her money, and on defendants' counterclaims for breaches of lease and bailment agreements. Contrary to plaintiff's contention, defendants raised triable issues based on their deposition testimony that all items in question were loaned for plaintiff's private use and by providing a contrasting narrative to explain the context and in-person conversations surrounding certain electronic messages sent by phone application (see De Lourdes Torres v Jones, 26 NY3d 742, 763 [2016]; Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 9, 2023