| |
|---|
| **Sobel v Contra Prods. LLC** |
| 2025 NY Slip Op 30461(U) |
| February 3, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 651977/2022 |
| Judge: Lyle E. Frank |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. LYLE E. FRANK**                  PART                    11M

*Justice*

-------------------------------------------------------------------------------X

MICHAEL SOBEL,                                        INDEX NO.           651977/2022

                            Plaintiff,               MOTION DATE         08/29/2024

                    - v -                             MOTION SEQ. NO.         006

CONTRA PRODUCTIONS LLC,STEVEN MAASS                   **DECISION + ORDER ON**
                                                      **MOTION**
                            Defendant.

-------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 006) 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 171

were read on this motion to/for _____ SUMMARY JUDGMENT(AFTER JOINDER ____.

Upon the foregoing documents, plaintiff's motion is denied, and defendant's cross-

motion is denied.

## Background

In August of 2018, Michael Sobel ("Plaintiff") bought three paintings that purported to be

the work of the artist Richard Hambleton from a Chelsea art gallery Contra Productions LLC

d/b/a Contra Galleries ("Gallery"), founded by Steven Maass ("Maass", collectively with Gallery

"Defendants"). Plaintiff sold one of them and now believes that the two remaining artworks are a

forgery. He has filed the underlying action pleading claims of breach of warranty and fraudulent

concealment. Among other things, the parties dispute whether the paintings are forgeries, the

extent of a now-deceased known art forger Alfredo Martinez and his sister's roles in the

provenance and sale of the paintings, and the extent of Plaintiff's knowledge of the involvement

of Mr. Martinez and his sister.

## Standard of Review

**651977/2022   SOBEL, MICHAEL vs. CONTRA PRODUCTIONS LLC**                    **Page 1 of 4**
 Motion No.  006

1 of 4

[* 1]

Under CPLR § 3212, a party may move for summary judgment and the motion "shall be granted if, upon all the papers and proof submitted, the cause of action or defense shall be established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party." CPLR § 3212(b). Once the movant makes a showing of a prima facie entitlement to judgment as a matter of law, the burden then shifts to the opponent to "produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action." *Stonehill Capital Mgt. LLC v. Bank of the W.*, 28 N.Y.3d 439, 448 (2016). The facts must be viewed in the light most favorable to the non-moving party, but conclusory statements are insufficient to defeat summary judgment. *Id.*

## Discussion

The present motion was brought by Plaintiff seeking summary judgment on their third cause of action for fraud and fraudulent concealment. Defendants oppose and cross-moves for summary judgment in their favor, dismissing the complaint. For the reasons that follow, both motions for summary judgment are denied as there are multiple material issues of fact remaining in this case.

### There are Multiple Triable Issues of Fact Relating to Fraudulent Concealment

The elements of a claim for fraudulent concealment are "concealment of a material fact which defendant was duty-bound to disclose, scienter, justifiable reliance, and injury." *Mitschele v. Schultz*, 36 A.D.3d 249, 254-55 (1st Dept. 2006). Regarding the first element, Plaintiff argues that the role of Mr. Martinez as a middleman in sourcing the paintings was concealed from him by Defendants. Defendants argue in turn that the paintings were not from Mr. Martinez, that Mr. Martinez's role in sourcing the paintings from an alleged third party was not hidden and in fact was prominently displayed in the show the paintings were purchased from, and that Plaintiff was

**651977/2022 SOBEL, MICHAEL vs. CONTRA PRODUCTIONS LLC** **Page 2 of 4**
**Motion No. 006**

[* 2] 2 of 4

aware of this as the check to pay for the paintings was made out to Mr. Martinez's company, A. Martinez Art Consulting LLC. Both parties have submitted various documentation and sworn affidavits in support of their argument. Ultimately, there are clearly material, triable issues of fact regarding whether Defendants concealed the role of Mr. Martinez and his sister from Plaintiff and whether Plaintiff justifiably relied on the representations of Defendants regarding the paintings' provenance. There are also contested issues of fact regarding whether the paintings are in fact forgeries, with both sides providing competing expert affidavits on the issue. Despite Plaintiff's contention that the Court need not decide whether the paintings are forgeries, their legitimacy goes directly to the injury element of a claim for fraudulent concealment. The multiple triable issues of fact in this case perforce defeat a motion for summary judgment, and therefore denial of both parties' motions as to the third cause of action for fraudulent concealment is proper.

*There Are Triable Issues of Fact Relating to the Breach of Warranty Claims and the Paintings'*

*Status as Forgeries*

Defendants have cross-moved for summary judgment, dismissing Plaintiffs first two causes of action for breach of warranty. These claims are premised on the notion that "each of the Paintings is a worthless forgery." Here again, the parties dispute this contention. Both sides have submitted expert affidavits, and both argue that the other sides' affidavits are not reliable and should be excluded. When dealing with a dispute over the legitimacy of an artwork, "expert testimony is required to identify and authenticate the works of art." *Nussberg v. Tatintsian*, 111 A.D.3d 441, 441 (1st Dept. 2013). Here, where there is conflicting expert testimony, granting summary judgment to either party on the breach of warranty claims would be premature. Accordingly, it is hereby

651977/2022   SOBEL, MICHAEL vs. CONTRA PRODUCTIONS LLC        Page 3 of 4
Motion No. 006

3 of 4

[* 3]

ADJUDGED that plaintiff's motion for summary judgment is denied; and it is further

ADJUDGED that defendant's cross-motion for summary judgment is denied.

20250203132016LFRANKF4D3A73DF1AA4FB0B72626955992D9BE

| | |
|---|---|
| **2/3/2025** | |
| **DATE** | **LYLE E. FRANK, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | | **X** | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | | GRANTED | **X** DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**651977/2022   SOBEL, MICHAEL vs. CONTRA PRODUCTIONS LLC**
**Motion No.  006**

**Page 4 of 4**

[* 4]