Matter of Carmela H. (Danielle F.) (2020 NY Slip Op 04095)





Matter of Carmela H. (Danielle F.)


2020 NY Slip Op 04095


Decided on July 17, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 17, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, CURRAN, TROUTMAN, AND WINSLOW, JJ.


729 CAF 19-00794

[*1]IN THE MATTER OF CARMELA H. AND DOMINICK H. ONONDAGA COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, PETITIONER-RESPONDENT; DANIELLE F., AND JAMES H., RESPONDENTS-APPELLANTS.






ANTHONY BELLETIER, SYRACUSE, FOR RESPONDENT-APPELLANT DANIELLE F.
TODD G. MONAHAN, LITTLE FALLS, FOR RESPONDENT-APPELLANT JAMES H.
ROBERT A. DURR, COUNTY ATTORNEY, SYRACUSE (MAGGIE SEIKALY OF COUNSEL), FOR PETITIONER-RESPONDENT.
SUSAN B. MARRIS, MANLIUS, ATTORNEY FOR THE CHILDREN. 


 Appeals from an order of the Family Court, Onondaga County (Michael L. Hanuszczak, J.), entered April 18, 2019 in a proceeding pursuant to Social Services Law § 384-b. The order, among other things, terminated respondents' parental rights with respect to the subject children. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Respondents, the biological parents of the subject children, appeal from an order of fact-finding and disposition that, among other things, terminated their parental rights to the children. We affirm.
Respondents contend that, during the fact-finding hearing, Family Court abused its discretion in receiving in evidence notes prepared by two of petitioner's caseworkers. As an initial matter, contrary to the assertions of petitioner and the Attorney for the Children, we conclude that respondents preserved for our review their challenges to the admission in evidence of the notes. Respondents objected to the notes of the first caseworker on the grounds that they now raise on appeal, thereby preserving their contentions with respect to that set of notes (cf. Matter of Brooklyn S. [Stafania Q.—Devin S.], 150 AD3d 1698, 1700 [4th Dept 2017], lv denied 29 NY3d 919 [2017]). The court overruled respondents' objections, definitively rejecting their challenges to the admission of the first caseworker's notes, and thus respondents were not required to repeat the same arguments in order to preserve their contentions with respect to the second caseworker's notes (see People v Finch, 23 NY3d 408, 413 [2014]).
Nevertheless, we reject respondents' contentions on the merits. In a proceeding to terminate parental rights pursuant to Social Services Law § 384-b, the admission of agency records is governed by CPLR 4518, which provides that reports are admissible as long as a sufficient foundation is laid (see Matter of Leon RR, 48 NY2d 117, 122-123 [1979]; Matter of Chloe W. [Amy W.], 148 AD3d 1672, 1673 [4th Dept 2017], lv denied 29 NY3d 912 [2017]). An agency seeking to admit in evidence a record created by one of its employees must demonstrate that it was "within the scope of the [employee's] business duty to contemporaneously record the acts, transactions or occurrences sought to be admitted, and each participant in the chain producing the record . . . was acting within the course of regular business conduct" (Matter of Breeana R.W. [Antigone W.], 89 AD3d 577, 578 [1st Dept 2011], lv denied 18 NY3d 805 [2012]; see CPLR 4518 [a]). Here, a proper foundation for the admission of the caseworkers' notes was laid by the caseworkers' respective supervisors, who were familiar with petitioner's [*2]record-keeping practices (see Matter of James M.B. [Claudia H.], 155 AD3d 1027, 1030 [2d Dept 2017]; see generally Breeana R.W., 89 AD3d at 578). Nevertheless, even if petitioner did not meet the foundational requirements for admission of the notes, any error in their admission would be harmless because "the result reached herein would have been the same even had [they] been excluded" (Chloe W., 148 AD3d at 1673 [internal quotation marks omitted]).
We have reviewed respondents' remaining contentions and we conclude that they do not require reversal or modification of the order.
Entered: July 17, 2020
Mark W. Bennett
Clerk of the Court