Suchow v Suchow (2021 NY Slip Op 07041)





Suchow v Suchow


2021 NY Slip Op 07041


Decided on December 16, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:December 16, 2021

530384
[*1]Margaret Suchow, Now Known as Margaret Durka, Appellant,
v
Paul Suchow, Defendant.

Calendar Date:October 14, 2021

Before:Garry, P.J., Egan Jr., Aarons, Reynolds Fitzgerald and Colangelo, JJ.

Margaret Durka, Gansevoort, appellant pro se.



Colangelo, J.
Appeal from an order of the Supreme Court (Nolan Jr., J.), entered July 30, 2019 in Saratoga County, upon a decision of the court following a bifurcated trial in favor of defendant on the issue of liability.
On February 1, 2015, plaintiff reached out by email to defendant — who at the time was her estranged husband — regarding the declining health of their dog and requesting defendant's presence during a house call at her home to be made by the veterinarian later that day. Two hours earlier than the scheduled appointment, defendant and his female companion arrived at plaintiff's house in possession of a stretcher to transport the ailing dog to a nearby animal clinic. When defendant attempted to enter the house to get the dog, the parties became engaged in a physical altercation, the extent of which is disputed by them. According to defendant and his companion, upon arrival at plaintiff's house and as defendant stepped from the front porch up to the threshold of the front door, plaintiff pushed him back from the front door, causing him to stagger backward. To regain his balance, defendant grabbed plaintiff's arm. According to plaintiff, defendant choked her during the altercation. After plaintiff, defendant and defendant's companion were inside of plaintiff's home, a pushing match ensued, and plaintiff ordered defendant to leave. Following 911 calls placed by the parties, a state trooper responded to the scene, but made no arrest.
Thereafter, each party, among other things, caused criminal charges to be brought against the other in the local town court that were later adjourned in contemplation of dismissal. Plaintiff then commenced this action alleging assault, battery and malicious prosecution. Following a bifurcated nonjury trial with respect to liability, Supreme Court dismissed all three causes of action in the complaint, accepting defendant's version of events. Plaintiff appeals and we affirm.
Plaintiff initially contends that Supreme Court erred in bifurcating the liability from the damages phase of the trial. The record belies this contention. Initially, plaintiff did not object to a bifurcated trial. The transcript of the March 13, 2019 court appearance reflects that plaintiff, after being informed that a bench trial still involves the presentation of witnesses but there "just wouldn't be a jury," stated, "Right, a bench trial for liability is fine. I wanted a jury for damages." Moreover, "'[j]udges are encouraged to order a bifurcated trial . . . where it appears that bifurcation may assist in a clarification or simplification of issues and a fair and more expeditious resolution of the action'" (Fu v County of Wash., 163 AD3d 1388, 1388 [2018], quoting 22 NYCRR 202.42 [a]), and the court's "determination on bifurcation rests within its sound discretion and is afforded great deference" (Fu v County of Wash., 163 AD3d at 1388-1389). Plaintiff's contention that bifurcation prejudiced her ability to prove the extent of her [*2]injuries is also belied by the record, which reflects that plaintiff's extensive medical records were admitted into evidence during the liability phase of the trial.
Plaintiff next contends that Supreme Court abused its discretion in granting defendant's cross motion to amend his answer to assert the additional affirmative defense of justification after discovery was completed and less than one month before the scheduled trial date.[FN1] The record reveals that plaintiff moved for summary judgment and defendant cross-moved for leave to amend his answer to include an affirmative defense of justification to the cause of action for battery. The record contains no evidence to support plaintiff's assertion that she filed opposition to or otherwise objected to defendant's application.[FN2] The order of the court denying plaintiff's motion and granting defendant's cross motion lists the motion papers considered in connection with both motions, with no opposition by plaintiff. Further, during the court appearance on August 27, 2018, plaintiff was served with the amended answer. Plaintiff merely stated, "I did have one thing about [the amended answer]. There are four defenses [defendant] raises that have nothing to do with the intentional tort." Plaintiff failed to specifically object or take exception to being served with the amended answer or to the inclusion of the affirmative defense, thus failing to preserve this issue for our review (see Zapata v Yugo J & V, LLC, 183 AD3d 956, 961 [2020]). Further, it is well settled that "[t]he decision to grant leave to amend an answer is within the trial court's sound discretion and will not be disturbed absent a clear abuse of that discretion" (Matter of County of Essex [Golden Ring Intl., Inc.], 195 AD3d 1187, 1189 [2021] [internal quotation marks and citations omitted]).
Plaintiff next maintains that Supreme Court erred in admitting domestic incident reports [FN3] prepared by the trooper at trial, arguing that, because the trooper did not testify, the reports were inadmissible hearsay. Although plaintiff argues that the reports were hearsay, "plaintiff waived this argument by failing to raise it before Supreme Court" and, in fact, offered the incident reports into evidence (Baldwin v Bradt, 96 AD3d 1216, 1218 [2012]; see Trask v Tremper Prop. Assn., Inc., 122 AD3d 1206, 1208 [2014]).
Plaintiff also contends that Supreme Court abused its discretion by failing to allow her to reopen the proof after defendant testified to provide her an opportunity to testify as to her state of mind "in response" to his testimony. We disagree. As plaintiff had already testified as to her state of mind on her direct case, we find that "Supreme Court's ruling was an appropriate exercise of [its] discretionary control over the trial and its calendar and was an effort to avoid repetitive testimony, as opposed to a disdainful attempt to limit [plaintiff's] ability to introduce evidence or otherwise interfere with [her] due process rights[*3]" (Vickie F. v Joseph G., 195 AD3d 1064, 1066 [2021]; see Adirondack Classic Design, Inc. v Farrell, 182 AD3d 809, 814 [2020]).
Plaintiff next contends that reversal is required because Supreme Court failed to give itself the "interested witness" charge [FN4] provided to juries, and because the 911 call that she made was not admitted into evidence. As the record contains neither a request by plaintiff for an interested witness charge nor an attempt on her part to admit the 911 call into evidence, her contentions are unpreserved (see Zapata v Yugo J & V, LLC, 183 AD3d at 961).
Lastly, we find no merit to plaintiff's argument that Supreme Court erred in dismissing her malicious prosecution claim. The elements of the tort of malicious prosecution are "(1) the commencement or continuation of a criminal proceeding by the defendant against the plaintiff, (2) the termination of the proceeding in favor of the accused, (3) the absence of probable cause for the criminal proceeding and (4) actual malice" (Higgins v Goyer, 162 AD3d 1191, 1192 [2018] [internal quotation marks and citation omitted]). The proof at trial, including the testimony of the Assistant District Attorney in charge of the criminal prosecutions who was called by plaintiff, established that the criminal charges against both parties were adjourned in contemplation of dismissal, which "bars recovery for malicious prosecution as it is not a determination of guilt or innocence" (Nadeau v LaPointe, 272 AD2d 769, 770 [2000]; see Campbell v City of New York, 159 AD3d 436, 436 [2018]). No other proof establishing a favorable disposition to either party was presented. Plaintiff's proof was therefore insufficient to prove her malicious prosecution cause of action.
Garry, P.J., Egan Jr., Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED the order is affirmed, without costs.



Footnotes

Footnote 1: The trial date was postponed because plaintiff, in violation of multiple scheduling orders, failed to notify defendant of an expert witness and report.

Footnote 2: Plaintiff claimed during oral argument that she objected to and was prejudiced by the lateness of defendant's application.

Footnote 3: The trooper prepared two incident reports arising from the incident. In the first report, defendant appears as the victim and, in the second report, plaintiff appears as the victim.

Footnote 4: Plaintiff asserts that defendant's companion was an interested witness, necessitating an interested witness charge.