Suchow v Suchow (2023 NY Slip Op 01552)

Suchow v Suchow

2023 NY Slip Op 01552

Decided on March 23, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 23, 2023

532795
[*1]Margaret Suchow, Now Known as Margaret Durka, Appellant,
v
Paul Suchow, Defendant.

Calendar Date:January 13, 2023

Before:Egan Jr., J.P., Lynch, Clark, Ceresia and Fisher, JJ.

Margaret Suchow, Gansevoort, appellant pro se.

Ceresia, J.
Appeal from an order of the Supreme Court (Thomas D. Nolan Jr., J.), entered September 23, 2020 in Saratoga County, which, among other things, searched the record and granted summary judgment to defendant.
Plaintiff and defendant, who were formerly married, executed a separation agreement in 2012. Defendant later commenced a divorce action and then moved for summary judgment seeking a divorce decree. Supreme Court (Chauvin, J.) denied the motion on the ground that there were questions of fact as to whether the separation agreement had been the product of fraud or duress, but this Court reversed, finding that plaintiff had failed to raise any triable issues of fact in this regard and remitting for entry of a judgment of divorce (Suchow v Suchow, 157 AD3d 1015 [3d Dept 2018], appeal & lv dismissed 31 NY3d 1075 [2018]). Following the divorce, plaintiff commenced an action against defendant for assault, battery and malicious prosecution stemming from a physical altercation that was the result of a disagreement over the parties' dog. After a bench trial, plaintiff's complaint was dismissed, and that dismissal was affirmed on appeal (Suchow v Suchow, 200 AD3d 1359 [3d Dept 2021]).
During the pendency of the assault action, plaintiff brought the instant pro se action, seeking damages for defendant's purported breaches of the separation agreement under 11 different contract and tort theories. Defendant answered, asserting several affirmative defenses, and plaintiff then moved for summary judgment as to each of her claims.[FN1] Defendant, despite being granted numerous adjournments, never filed an opposition to the motion. Supreme Court (Nolan Jr., J.) subsequently issued a decision and order in which it denied plaintiff's motion, searched the record, granted summary judgment to defendant and dismissed the complaint. Plaintiff, still proceeding in a self-represented capacity, appeals.[FN2]
It is well settled that on a motion for summary judgment, the moving party bears the initial burden of establishing entitlement to judgment as a matter of law by tendering sufficient evidence showing the absence of triable issues of fact (see CPLR 3212 [b]; Davis v Zeh, 200 AD3d 1275, 1278 [3d Dept 2021]; EDW Drywall Constr., LLC v U.W. Marx, Inc., 189 AD3d 1720, 1721 [3d Dept 2020]). Failure to meet this initial burden will result in denial of the motion (see Iannillo v Felberbaum, 198 AD3d 1247, 1248 [3d Dept 2021]). With that said, "Supreme Court has the authority to search the record and grant summary judgment to a nonmoving party" (Digesare Mech., Inc. v U.W. Marx, Inc., 176 AD3d 1449, 1455 [3d Dept 2019]; see CPLR 3212 [b]; Johnson v Zelanis, 113 AD3d 899, 901-902 [3d Dept 2014]), and it is empowered to do so, without giving prior notice to the parties, regarding any cause of action or issue that is before the court on the motion (see Kenneths Fine Repairs, LLC v State of New York, 133 AD3d 1181, 1182 [3d Dept 2015]; Miranda v Norstar Bldg. Corp., 79 AD3d 42, 49 n 3 [*2][3d Dept 2010]).
First, with respect to plaintiff's claims of promissory estoppel and breach of implied contract, Supreme Court properly determined that plaintiff did not meet her burden on her motion, searched the record and awarded judgment to defendant. These causes of action are premised upon plaintiff's allegation that defendant broke a promise that he made at the time the separation agreement was signed that he would not commence a divorce action against her, and that she relied on that promise to her detriment, causing her financial and emotional harm. However, the separation agreement, which was extensively negotiated by counsel for both parties, clearly contemplates that a divorce action could be brought and further states that no promises had been made other than those contained within the agreement. Furthermore, it is worth noting that, after the agreement was signed, plaintiff herself made two attempts to obtain a divorce against defendant, in that she counterclaimed for divorce in defendant's action and also filed her own action for a divorce.[FN3] Accordingly, as there was no indication in the record of any clear and unambiguous promise relied upon by plaintiff to her detriment, as necessary to establish promissory estoppel (see Seidenfeld v Zaltz, 162 AD3d 929, 933 [2d Dept 2018]; Baldridge v State of New York, 293 AD2d 941, 944 [3d Dept 2002], lv denied 98 NY2d 608 [2002]), nor was there any proof of a meeting of the minds to create an implied contract separate from the parties' express written agreement (see Peter Lampack Agency, Inc. v Grimes, 93 AD3d 430, 431 [1st Dept 2012]), dismissal of these causes of action was warranted.
Next, with regard to plaintiff's claim for negligent misrepresentation, once again, plaintiff failed to meet her initial burden, and summary judgment was appropriately granted to defendant. Plaintiff asserts in the complaint that her distributive award, as set forth in the separation agreement, was based upon defendant having obtained a $675,000 appraisal of the marital residence. According to plaintiff, that appraisal was later revised upward to $740,000, but defendant did not disclose this fact to plaintiff prior to the signing of the agreement, such that she was in fact entitled to a larger distributive award. We find this argument unavailing. To begin with, in addition to the $675,000 appraisal, the separation agreement made reference to two other appraisals, in the amounts of $1,285,000 and $825,000. Further, as noted by Supreme Court, the separation agreement did not reveal how the parties arrived at the distributive award upon which they ultimately agreed. The agreement merely stated that the award was being provided to plaintiff in exchange for her waiver of her interest in not only the marital residence but also in defendant's businesses and various other unspecified real and personal property. Thus, there is no record evidence demonstrating that plaintiff reasonably relied on any discrepancy regarding [*3]the appraisal at issue (see Hobler v Hussain, 111 AD3d 1006, 1007 [3d Dept 2013]), nor is there, absent speculation, any indication that such a discrepancy impacted the amount of the agreed-upon distributive award (see Kazmark v Wasyln, 167 AD3d 1386, 1389 [3d Dept 2018]). Under these circumstances, this cause of action was justifiably dismissed.
As for plaintiff's claims for breach of contract, breach of spousal fiduciary duty, unjust enrichment and "failure of consideration," Supreme Court correctly found that these are barred by collateral estoppel inasmuch as they were resolved in prior proceedings, where plaintiff had a full and fair opportunity to litigate them (see Wayne Ctr. for Nursing and Rehabilitation, LLC v Zucker, 197 AD3d 1409, 1411 [3d Dept 2021], lvs denied 37 NY3d 919 [2022]). The breach of contract cause of action stems from defendant's failure to meet his obligation as set forth in the separation agreement to pay veterinary and burial expenses after the parties' dog died, but this issue was specifically raised by plaintiff in a postjudgment motion in the divorce action and decided in her favor, resulting in defendant being held liable for his share of those expenses. The cause of action for breach of spousal fiduciary duty is premised upon alleged improprieties in defendant's 2011 and 2012 tax returns as well as defendant's sale of a marital asset in 2011 without plaintiff's knowledge, the result of which was plaintiff's distributive award allegedly being undervalued. These issues were specifically addressed in a ruling on another of plaintiff's postjudgment motions in the divorce action, wherein Supreme Court (Nolan Jr., J.) denied plaintiff's application to increase her distributive award on these grounds, noting that plaintiff had ample opportunity to ascertain defendant's income and assets before she signed the agreement and waived any further discovery pertaining to defendant's finances. As for the causes of action for unjust enrichment and failure of consideration, these largely reiterate the issues raised in the breach of contract and breach of fiduciary duty claims, which, as outlined above, were already ruled upon in postjudgment proceedings.
Plaintiff's remaining contentions, including her arguments relative to the dismissal of her claims for "material breaches," breach of the covenant of good faith and fair dealing and nonperformance of the contract, have been considered and found to be lacking in merit.
Egan Jr., J.P., Lynch, Clark and Fisher, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: In a memorandum of law submitted in support of her motion, plaintiff withdrew her seventh cause of action.

Footnote 2: Although defendant was again allowed several adjournments, he failed to file a responsive brief. 

Footnote 3: This action was later dismissed by Supreme Court (Crowell, J.) upon its own motion.